# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

Gregory M. Longus. Jr.

**MAR - 8 2006**

**Fed. Reg. No. 30333-007**
**Federal Correctional Institution**
Post Office Box  4000
**Manchester  Kentucky  40962-**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

       **Plaintiff**

      v.

CIVIL ACTIO

Jacqueline R. Wynn, Examiner
Otis Thomas, Examiner
Kathleen A. Pinner, Executive Reviewer

(To be supplied
District Court)

CASE NUMBER  1:06CV00421

J. Robertson Haworth, Commissioner
Issic Foldwood, Commissioner
United States Parole Commission

JUDGE: John Garrett Penn

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 03/08/2006

(Enter the full name and address(es),
if known, of defendant(s) in this
action)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is  $250.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court **must** assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

      (1)    the average monthly deposits to your prison account, or

**RECEIVED**

      (2)    the average monthly balance of your prison account for the prior six-month period.

**FEB 1 3 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you must submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

## I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes ( )        No (XX)

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )    No (XX)

C.    If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs:_____

Defendants:_____

2.    Court (if federal court, name the district; if state court, name the county)

3.    Docket number_____

4.    Name of judge to whom case was assigned:_____

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)_____

_____

6.    Approximate date of filing lawsuit:_____

_____

7.    Approximate date of disposition:_____

_____


## III.    PLACE OF CONFINEMENT

`Federal Correctional Institution, Manchester, Kentucky`

_____

_____

A.    Is there a prisoner grievance procedure in this institution?    Yes (XX)    No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Question III B,C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( )    No (XX)

C.    If your answer is Yes to Question III B;

1.    To whom and when did you complain?_____

_____

2.    Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes ( )    No ( )

3.    What, if any, response did you receive? (Furnish copy of response, if in writing.)  _____

_____

4.    What happened as a result of your complaint?    _____

_____

_____

D.    If your answer is No to Question III B, explain why not.    **Plaintiff Fully Articulates In The Accompanying Memorandum Of Points And Authorities In Support Of This Complaint. SEE Memorandum.**

E.    If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )

F.    If your answer is Yes to Question III E;

1.    To whom and when did you complain?    _____

2.    Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)

3.    What, if any, response did you receive?  (Furnish copy of response if in writing)
_____

4.    What happened as a result of your complaint?    _____
_____
_____

## IV.    PARTIES

In item A below, place your name and prison number in the first blank and  your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.    Name of Plaintiff:    Gregory M. Longus, Jr. #30333-007
       Address:  Post Office Box 4000, Manchester, Kentucky  40962-4000

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank and their address in the fourth blank. Do the same for additional defendants, if any.

B.    Defendant:  SEE ACCOMPANYING MEMORANDUM _____ is employed as
_____at    _____
       Address:  _____
_____

       Defendant: _____ is employed as
_____at    _____
       Address: _____
_____

       Defendant: _____ is employed as
_____at    _____
       Address: _____
_____

       Defendant: _____ is employed
as _____at _____
       Address: _____
_____

## V.    STATEMENT OF CLAIM

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include
the names of other persons involved, dates and places. If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph. Attach extra sheets if necessary.

> <u>See</u> Plaintiff's Memorandum Of Points
> And Authorities In Support Of His §
> 1983 Complaint Is Attached.

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

**WHEREFORE,** Plaintiff requests that this Court issue an **Declaratory
Judgment, or, an Injunctive Order Commanding** the Defendants to provide
Plaintiff with a new parole hearing without the use of the **inaccurate
information** contained in the **tainted 1999 PSI's "Official Version".** In
addition, the Court is requested to issue an Order to the Defendants to
**REMOVE THE TAINTED 1999 PSI FROM HIS PAROLE FILES.** Further, Plaintiff
demands a trial by jury.

Signed this **10**<sup>th</sup> day of _February 2006_ _____, _____.

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

**2-10-06**
(Date)

_____
(Signature of Plaintiff)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CLOUMBIA


GREGORY M. LONGUS, JR.
Fed. Reg. No. 30333-007
Federal Correctional Institution
Post Office Box 4000 / Oneida-A
Manchester Kentucky  40962-4000

        Plaintiff,

v.                                                Case No. _____

JACQUELINE R. WYNN, Examiner,
United States Parole Commission;

OTIS THOMAS, Examiner,
United States Parole Commission;

KATHLEEN A. PINNER, Executive Reviewer,
United States Parole Commission;

J. ROBERTSON HAWORTH, Commissioner,
United States Parole Commission; and

ISSIC FOLDWOOD, Commissioner,
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815

        Defendants.


### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF HIS § 1983 COMPLAINT

**Now Comes**, the plaintiff, Gregory M. Longus, Jr., moving **pro se**, seeking

declaratory and injunctive relief in the manner of an order directing the

officials of the United States Parole Commission to provide Plaintiff with

a new parole hearing, minus the unconstitutional procedure employed by the

Defendants with their use of the demonstrably inaccurate factual predicate

found within the egregiously tainted 1999 Presentence Investigation Report

("PSI").

**06 0421**

**FILED**

MAR - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The United States Parole commission's (the "Commission") use of the below-listed **inaccurate factual predicate** has **deprived Plaintiff of his due process** right to receive a fair parole hearing.  In addition, the Court is requested to issue an injunction compelling the Defendants, **who acted under the color of State law**, to recalculate Plaintiff's entire Base Point Score Category with the benefit of an accurate Revised  PSI, thus, complying with the applicable D.C. Parole laws and regulations, and the principles of Due Process.  In support of this Complaint, Plaintiff avers to the following:

1. Defendant(s) Jacqueline R. Wynn, Otis Thomas, Kathleen A. Pinner, J. Robertson Haworth, and Issic Foldwood, Collectively, are sued in their official capacity, as they are employed by the Commission, a federal agency of the United States Department of Justice, which is located at 950 Pennsylvania Avenue, N,W. Washington, D.C. 20530.

2. Plaintiff is a District of Columbia Code offender, confined at the Federal Correctional Institution in accordance with the National Capital Revitalization and self-Government Improvement Act of 1997, Public Law 105-33, in which the United States Congress mandated that all D.C. felons be transferred to the custody of the Federal Bureau of Prison and placed in prisons contracted for or operated by the Bureau of Prisons. **See** codified at D.C. Code § 24-101(2001).

3. Plaintiff asserts that the Commission conducted his March 24, 2005, initial parole hearing pursuant to the discretionary parole statutes set forth at D.C. Code §§ 24-401.01 through 409, in conjunction with the D.C. parole guidelines set forth at 28 C.F.R. § 2.80 (2003).  **See Cheifly** D.C. Codes §

24-131(c)(2001), and D.C. Code § 24-409(2001), respectively.  In so doing,

the Commission conducted Plaintiff's parole hearing acting under the color of

State Law, namely the Revitalization Act of 1997, Public Law, 105-33, codified

at D.C. Code § 24-131(a)(1)(2001). **See Fletcher v. District of Columbia**, 370

F. 3d 1223, 1227(D.C. Cir. 2004).  Plaintiff is challenging the Commission;s

use of an **inaccurate factual predicate** to formulate his base guideline range,

thus placing him at the top end of his guideline range in violation of Plaintiff's

due process.  Imporantly, Plaintiff is not challenging the fact or duration

of his confinement.  Therefore, because the applicable D.C. parole statue

is written in discretionary terms, a favorable decision from this Court will not

automatically spell Plaintiff immediate or speedier release from incarcertion.  **See**

**D.C. Code § 24-404(a)(2001).**  Therefore, Plaintiff's Claims that are asserted below,

full under 42 U.S.C.  §  1983 against the named Federal Officials as they acted

under the color of State Law with respect to Plaintiff, a D.C. felon.

See **Chiefy**, **Wilkinson v. Dotson**, ___U.S.___, 125 S. Ct. 1242(2005).  **Fletcher**

**v. District of Columbia**, 370 F3d 1223, 1226-27(D.C. Cir. 2004); **Anyanwutaku**

**v. Moore**, 151 F. 3d 1053, 1055-56 (D.C. Cir. 1998).


4. Federal Code offenders have the right to challenge the Commission's

actions to the National Appeals Board.  See 28 C.F.R. § 2.26(2003).  There

is **No** analogous provision in the regulations for D.C. Code offenders.  The

regulations are silent regarding a right or administrative procedure to challenge

the Commission's use of an **inaccurate factual predicate** to determine Plaintiff's

base guideline range.  Importantly, the Notice of Action expressly states

that the decision is **not appealable**.  **See Exhibit One**, July 15, 2005, Notice

of Action.

To this extent, Plaintiff avers that he has exhausted all administrative remedies.

5. The Notice of Action in Plaintiff's case depicts the following <u>Reason</u> to modify his Base Guideline Range:

> "The Commission has accepted the version of
> your crime that appears in the originals
> Presentence Report. The <u>assault on the
> victim with a bottle</u> caused injury rated
> as malicious disfigurement and <u>your guide-
> lines have been adjusted accordingly.</u>" [em-
> phasis added].

**See Exhibit One ("Reason") and Exhibit Five ("Official Version").**

6. The "assault on the victim with a bottle" is the **inaccurate factual predicate** extracted from the undoubtedly tainted 1999 PSI, to erroneously place Plaintiff in the Base Point Category II. In so doing, the Defendants scored Plaintiff as a <u>2</u> for violence in current offense, and in addition, Plaintiff was scored as a <u>1</u> for offense [being] other high level violence in category III, thus, scoring Plaintiff's Base Point Score as a <u>5</u> with the inclusion of a <u>2</u> point contribution from the Salient Factor Score. **See Exhibit One, page 3.** The Base Point Score Category II and III should not have been included in Plaintiff's overall guideline calculation, because the Defendants formulated it with the use of an **inaccurate factual predicate,** thus, violating Plaintiff's **Due Process Right** to have a fair parole proceeding.

7. Plaintiff discovered prior to his parole hearing that the September 7, 1999, PSI constructed by the Court Services and Offender Supervision Agency-

– 4 –

Community Supervision Services ("CSOSA") was saturated with erroneous inform-ation. On or about March 10, 2004, Plaintiff sent a letter to the Director of CSOSA in accordance with the Privacy Act, to apprise the Director that the PSI prepared by Probation Officer Joan Gram, on or about September 7, 1999, for Superior Court Case Number F-1862-99C, contains erroneous information. In ad-dition, Plaintiff informed the Director that the false information may potentially affect his initial parole hearing. See **Exhibit Two**, and its pertinent exhibits.

**8.** On or about May 20, 2005, Plaintiff received a response from CSOSA re-garding his request to have the erroneous information deleted from his tainted September 1999, PSI. Specifically, the letter from CSOSA expressly states in pertinent part that:

> "Our review reveals that the document submitted to the Court by our agency in September 1999, contained inform-ation that was not appropriate. We have taken corrective measures to re move this information and revise the pre-sentence investigation report."
> **[emphasis added].**

See **Exhibit Three.** CSOSA has provided all prison officials with a Revised Presentence Report that provides an accurate account of the circumstances relevant to his criminal offense in case number: F-1862-99C, for Threats to Injure a Person. See **Exhibit Four and Five** ("**Official Version**").

**9.** During the course of Plaintiff's March 24, 2005, parole proceedings, and all the subsequent proceedings, the Commission accepted the **erroneous** **version** of Plaintiff's would-be crime that is depicted in the **severely tainted September 1999, PSI.** See Supra, paragraph 5. Plaintiff asserts the uncon-

stitutional procedure employed upon Plaintiff by the Defendants with their use of an **inaccurate factual predicate** to determine his Base Score, has significantly enhanced Plaintiff's Total Guideline Range of **76-82** months. **The Defendants had in their possession the ACCURATE REVISED PSI, yet the Defendants flagrantly disregarded the Revised PSI and intentionally chose to use the demonstrably false information in the TAINTED 1999 PSI's "Official Version".**

10. Plaintiff asserts that the defendants used **inaccurate information to trump** the accurate information within the REVISED PSI. See and compare Exhibits **One and Five.** The Defendants reliance on an **inaccurate factual predicate,** fails to meet the requirements of 28 C.F.R. § 2.19(c)(2005) which allows the Defendants to "rely on such information only to the extent that it represents the explanation or the facts that best accord with reason and probability". See id.

11. The applicable D.C. parole guidelines are set forth at 28 C.F.R. § 2.80(2003), in conjunction with the existing D.C. parole statues found at D.C. Codes §§ 24-401.01 through 409, **DO NOT** authorize the Defendants to use a **Knowingly Inaccurate Factual Predicate** to determine Plaintiff's parole request. Any use of false information to decide Plaintiff's parole request, violates his **Due Process Right** to have a fair parole proceeding.

12. The Defendants have considered Plaintiff's conviction of Threats to Injure a Person, as a crime of violence. However, the District of Columbia

Statute that defines the crime of violence is silent regarding Plaintiff's noted crime. **See Chiefly.** D.C. Code § 23-1331(4)(**The term "crime of violence"**). (Plaintiff has attached a copy of the D.C. Code § 23-1331 for the Court's convience). **See Exhibit Six.** The Defendants should be required to fashion Plaintiff's Base Point Score without the use of the **inaccurate factual predicate** depicted in the **tainted 1999 PSI. See Supra, paragraph 5.**

13. The Defendants did in fact determine Plaintiff's Guideline Range with the use of an **inaccurate factual predicate.** Plaintiff asserts that the Defendants have exceeded their authority, in violation of Plaintiff's **Due Process,** and the applicable D.C. parole statutes and guidelines, thus, depriving Plaintiff of a fair parole procedure.

**WHEREFORE,** Plaintiff requests that this Court issue an **Declaratory Judgment, or, an Injunctive Order Commanding** the Defendants to provide Plaintiff with a new parole hearing without the use of the **inaccurate information** contained in the **tainted 1999 PSI's "Official Version".** In addition, the Court is requested to issue an Order to the Defendants to **REMOVE THE TAINTED 1999 PSI FROM HIS PAROLE FILES.** Further, Plaintiff demands a trial by jury.

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: LONGUS, Gregory
Register Number: 30333-007
DCDC No: 261-348

Institution: Rivers Correctional Institution

Date: July 15, 2005

As a result of the hearing conducted on March 24, 2005, the following action was ordered:

Continue to a presumptive parole on May 21, 2007 after service of 80 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

NOTE: Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission. Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency, which will submit a report to the Commission before a parole certificate can be delivered.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS:**

Your Total Guideline Range is 76-82 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 60 months as of July 21, 2005.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

REASON: The Commission has accepted the version of your crime that appears in the official Presentence report. The assault on the victim with a bottle caused injury rated as malicious disfigurement and your guidelines have been adjusted accordingly.

**06 0421**

**FILED** CJ    *EXHIBIT*

MAR - 8 2006    *ONE*

NANCY MAYER WHITTINGTON, CLERK

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.


cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C.  20001



# SALIENT FACTOR SCORE (SFS-98)

**Your Pts    Salient Factor Score (SFS-98) Item Explanations**

**1**        **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

**1**        **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

**3**        **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

**0**        **D** - Recent commitment free period (three years)
             No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**0**        **E** - Probation/parole/confinement/escape status violator this time
             Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**0**        **F** - Older offenders
             If the offender was 41 years or more at the commencement of the current offense (and the total score from items A-E above is 9 or less) = 1; Otherwise = 0

**5**        **Salient Factor Score (SFS-98)** (sum of points for A-F above)

## BASE POINT SCORE

**Your Pts    Base Point Score Category Explanations**

**2**        **I** - Contribution from Salient Factor Score
             10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

**2**        **II** - Current or Prior Violence
             Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

**1**        **III** - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
             Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

**5**        **Base Point Score** (sum I-III above)



## DISCIPLINARY GUIDELINES

**Not Applicable**

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

**Not Applicable**

## TOTAL GUIDELINE RANGE

|         |                                                        |
|---------|--------------------------------------------------------|
| **18—24** | Base Point Score Guideline Range                     |
| **58—58** | Months Required to Serve to Parole Eligibility Date  |
| **0—0**   | Disciplinary Guideline Range                         |
| less **0—0** | Superior Program Achievement Award (if applicable) |
| **76—82** | **Total Guideline Range**                            |

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
|---|---|---|---|---|---|
| | | | Prior Commitments | | |
| Base Point Score | Guideline Range | Age | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |

U. DEPARTMENT OF JUSTICE
## United States Parole Commission

### D.C. ORDER
### INITIAL HEARING/RECONSIDERATION HEARING
### POST JANUARY 2, 2001

Name: _Longus, Gregory_    Institution: _Rivers_

Reg.No: _30333-007_

In the case of the above-named, the Commission has carefully examined all the information at its disposal and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Parole effective _____ OR Continue to a presumptive parole _5/21/07_ after the service of _80_ months (with the special condition for): _X_ Drug Aftercare _____ Alcohol Aftercare    (Other - specify)_____

Continue to expiration (with the special condition for): _____ Drug Aftercare _____ Alcohol Aftercare (Other - specify)_____

Continue for a reconsideration hearing in _____ after service of _____ months from your hearing date of_____

_K. H. Leisner 7/7/05_
_J. Robertson Hawk 7-13-05_
_Isaac Fulwood 7/14/05_

Reason: The commission has accepted the version of your crime that appears in the original presentence report. The assault on the victim with a bottle caused injury rated as malicious disfigurement and your guidelines have been adjusted accordingly.

District of Release: _____DC _____MD _____VAE _____Other (specify)_____
Revised: May 1, 2001



**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

District of Columbia

US PAROLE

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20530    APR 2 9 2005

April 26, 2005    COMMISSION

Kathleen Pinner
United States Parole Commission
5550 Friendship Blvd.
Suite 420
Chevy Chase, MD 20815

Re: Request for information in U.S. v. Gregory Longus, F1862-99

Dear Ms. Pinner:

Per your request for information on the above-referenced case, I am forwarding to you documents filed in the Superior Court case file. As I noted in our telephone conversation, the facts beyond the offense of conviction are in dispute, as you can see from the pleadings.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

By:

Thomas J. Hibarger
Assistant United States Attorney
Deputy Chief, Superior Court Division

Enclosures

GREGORY M. LONGUS, JR.
Register No. 30333-007
RIVERS CORRECTIONAL INSTITUTION
Post Office Box 630
Winton, North Carolina  27986-0630

March 10, 2004

VIA CERTIFIED RETURN RECEIPT REQUESTED U.S. MAIL

Mr. Paul Quander, Director
COURT SERVICES and OFFENDERS SUPERVISION
  AGENCY (CSOSA)
633 Indiana Avenue, N.W.
WASHINGTON, DC  20004

Re:  Erroneous Information in PSI Report dtd 09-07-1999
     PRIVACY ACT, 5 U.S.C. Section 552a et seq.

Dear Mr. Quander:

     The purpose of this letter is to provide you and your Agency
NOTICE pursuant to the **Privacy Act, 5 U.S.C. Section 552a et seq.**,
that the Presentence Investigation Report prepared by Probation
Officer Ms. Joan Graham on or about September 7, 1999, for Sup-
erior Court criminal case number F-1862-99, contains **erroneous
information.**  This **erroneous information** has adversely affected
my Bureau of Prisons Custody Classification; Inmate Load and
Security Designation forms; and, may potentially affect my Initial
Parole Hearing scheduled for November, 2004.  Please be advised
that I just recently discovered this **erroneous information** on or
about February 17, 2004, that is contained in my Presentence In-
vestigation Report.

     Specifically, the **erroneous information** is found on Page 2
of the PSI under the Sub-Topic:  **OFFICIAL VERSION.**  According to
Ms. Joan Graham who authored the Official Version, it appears or
suggests that I was convicted for Assault with a Dangerous Weapon.
I was never convicted of Assault with a Dangerous Weapon, however,
those charges were subsequently dismissed, after being charged with
the same.  Ms. Graham duly notes the fact that this charge was dis-
missed on Page 7 under the Sub-Topic: **EVALUATION AND DIAGNOSIS,**
wherein she wrote the following:

     "Although the defendant denies that he committed this
     offense (and this court will be dismissed), it is stil
     undeniable that......".

PSI Report dtd 09-07-1999, at Page 7, ¶5.

06 0421

FILED

MAR - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT

TWO

Mr. Paul Quander, Director
March 10, 2004
Page 2

Re:   Gregory M. Longus, Jr. Register No. 30333-007
      Erroneous Information in PSI Report dtd 09-07-1999


Your Agency has used the effects of a "dismissed charge" not
within the scope of the actual charge of conviction (D.C. Code
§ 22-2307, Threatening to Injure a Person) and has used the
"dismissed charge" (Assault With a Dangerous Weapon) as the
**OFFICIAL VERSION.** The prejudicial effects of this **erroneous
information** is that this information has been disseminated
to all federal and local law enforcement agencies. More im-
portantly, I personally have been affected by this **erroneous
information** in that the Federal Bureau of Prisons, through
their Community Corrections Manager's (CCM) office has used
this **OFFICIAL VERSION** in the Inmate Load Security Designation
Form (BP-337) under the "REMARKS" section of sentry (computer).
See Exhibit A attached. Not only have I been affected in my
federal designation, I have been affected through my Male Cus-
tody Classification wherein I will be forever denied the oppor-
tunity to be placed in a lower designated facility such as a
Minimum or Camp or Community Correctional Center.

       In support of my claim of **erroneous information,** Ms. Graham
made reference to what actually transpired in the crime that I
was actually convicted of on Page 7 of the Sub-Topic:   **EVALUATION
AND DIAGNOSIS,** wherein she wrote the following:

       "According to AUSA Carroll, the defendant said, "I'm
       going to fuck her ass up or get someone else to fuck
       her up!"."

PSI Report dtd 09-07-1999, at ¶5, Page 7.

To further support my claim of **erroneous information,** I would
like to refer you to the Plea Agreement Proceeding in the
Superior Court with the Honorable Stephen G. Milliken, presiding
held on June 23, 1999. Specifically, on Page 9, Lines 11-24,
where AUSA Carroll recites before the court the actual official
version of what I was convicted of, and the Court queries me by
asking:   "Is that true?" I responded to the Judge's inquiry by
affirming:   "Yes, Your Honor, that's the way it happened."

Tr. 06/23/1999, Page 9, Lines 11-24.

Mr. Paul Quander, Director
March 10, 2004
Page 3

      Re:  <u>Gregory M. Longus, Jr. Register No. 30333-007</u>
             <u>Erroneous Information in PSI Report dtd 09-07-1999</u>

    For your review, I have attached as Exhibits to this letter
the following documents:

Exhibit A.....................Inmate Load and Security Destination
                           Form (BP-337)

Exhibit B.....................Administrative Remedy Step 1 Response

Exhibit C.....................Plea Agreement Proceedings Transcript
                           June 23, 1999, Criminal Action No.
                           F1862-99, Excerpts to include Cover
                           Sheet, Page 9 and Transcriber Certi-
                           ficate Page (16).

    The relief that I am seeking pursuant to the Privacy Act,
Title 5 § 552a(d)(2) is that my Presentence Investigation Report
be corrected and amended wherein the **OFFICIAL VERSION** will reflect
what AUSA Carroll proffered before the Court and is recorded in
the Court record/transcript.  Further, I am respectfully requesting
that all copies, reports, notations, and remarks relative to the
**erroneous information** be expunged, deleted and extracted from my
records, the Agency system of records; and that the corrected and/
amended version of the PSI Report be disseminated to the Federal
Bureau of Prisons, Community Corrections Manager's Office and all
federal, local and state law enforcement agencies.  Most importantly,
a corrected and/amended version of the Presentence Investigation
Report should be sent to the United States Parole Commission.  Fur-
ther, I am respectfully requesting a **confirmation letter** indicating
that the corrections/amendments have been completed in my PSI, that
the aforementioned agencies have been sent a copy and included in
the confirmation letter should be a corrected/amended copy for my
records.

    It is my understanding and according to Title 5 § 552a(d)(2)
(A-B) of the Privacy Act, that I should expect a response from you
within the ten (10) days allotted by this Act.

                                Respectfully submitted,

                                ,Gregory M. Longus, Jr.

GML,Jr./
Enclosure(s)
File

Certified Receipt #:  7002 2410 0005 6053 2878

RIVAZ   600.00              SECURITY/DESIGNATION        03-12-2004
PAGE 001 OF 001 *                   DATA                14:36:54
   REGNO: 30333-007   NAME: LONGUS, GREGORY                    ORG: CDC
RC/SEX/AGE: B/M/35   FORM D/T: 08-19-2001/1318   RES: WASHINGTON, DC 20017
OFFN/CHG..: DCCODE:22-2307 THREATS TO INJURE A PERSON; SENT 5-15YRS;
            F 1862-99C.   PROBATION RVK
CUSTODY...: IN          BIL: BIL DC DCC   CR HX PT: UNK     CAR:
CITIZENSHP: UNITED STATES OF AMERICA   PUB SAFETY: GRT SVRTY
CTM CONSID:                                        USM: DC/SC
JUDGE.....: MILLIKEN      REC FACL: NONE           REC PROG: NONE
DETAINER..: NONE          SEVERITY: GREATEST       MOS REL.: 107
PRIOR.....: MINOR         ESCAPES.: NONE           VIOLENCE: NONE
PRECOMMT..: N/A           V/S DATE:                V/S LOC.:
OMDT REF..: NO            SEC TOT.: 8              SCORED LEV: LOW
CCM RMKS..: DCCODE:PROB RVK DUE TO TECH VIOL;ORIG OFF-SUBJ USED BROKEN
            BOTTLE TO ASSAULT VIC;PRS:87'DESTROY PROP(2D),90'MALICIOUS
            DEST OF PROP(2D);HAS GED;NO HX OF DRG USE;PSYCH/MED-OK;
            JEO.
DESIG: RIVERS CI              MXR JMM 08-20-2001 RSN: LEVEL   MSL:
MGTV/MVED.:
DESIG RMKS:


   G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

Administrative Remedy
Step 1 – Response

| | | | |
|---|---|---|---|
| Date Filed: | 12-22-2003 | Remedy ID No.: | 04-212 |
| Inmate Name: | Longus, Gregory | Reg No.: | 30333-007 |

This is in response to your Step 1 Administrative Remedy dated Dedember 19, 2003 in which you allege that your base scoring was completed incorrectly by the CCM. Specifically, you are requesting that the Case Management Coordinator notify the CCM office that there is an error in scoring.

Although you are correct regarding procedures to be followed when an error is discovered, a review of your scoring reflects that you were correctly scored. PS 5100-07, Chapter 8, page 3-4, clearly indicates that the current offense you are satisfying, DC Code: 22-2307 Threats To injure A Person, must be scored as Greatest Severity due to the offense behavior. The offense behavior described in your PSI indicates you "broke a beer bottle and approached her from behind, cutting the right side of her head with severe lacerations to her ear." This offense behavior can only be classified as Greatest Severity. Therefore, the CMC is correct in not notifying the CCM office.

After a thorough review of the circumstances pertaining to your requested Administrative Remedy, we find that there is no evidence to support your grievance.

Based on the above information your request for Administrative Remedy is denied.

If you are not satisfied with this response, you may obtain a Step 2 from your Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be completed and submitted within five (5) days of the date of the Step 1 response.

_1-5-04_
Date

David Farmer, AW-P

C2 - C0 - 22

SR

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION

FILED

MAR 1 - 2003

DISTRICT OF COLUMBIA
COURT OF APPEALS

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

          v.                       :          Criminal Action
                                   :          No. F1862-99
GREGORY M. LONGUS,                 :

          Defendant.               :          SR # 4
                                   :

- - - - - - - - - - - - - - - - - x

Washington, D.C.

Wednesday, June 23, 1999

The above-entitled action came on for the entry
of a plea before the HONORABLE STEPHEN G. MILLIKEN, Senior
Judge, in Courtroom Number 311, commencing at 10:22 a.m.

APPEARANCES:

On Behalf of the Government:

MARK CARROLL, Esquire

On Behalf of the Defendant:

STEVEN JACKSON, Esquire

RECEIVED
2003 FEB 26  P 3: 51
CENTRAL RECORDING &
RECORD PRODUCTION OFFICE

*Deposition Services, Inc.*

6245 Executive Boulevard
Rockville, MD 20852
(301) 881-3344

2300 M Street, N.W.
Suite 800
Washington, D.C. 20037

1  I want to withdraw my guilty plea, I don't like this, it

2  was wrong, or anything along those lines.  Do you

3  understand that?

4       THE DEFENDANT:  Yes, I do.

5       THE COURT:  This is a decision you make now

6  forever.  Now I'm going to ask the prosecutor to tell me

7  the facts, and then I will just ask you, did it happen

8  that way, or is that true.  So listen carefully to what he

9  says, and if there's anything wrong about what he says,

10 then you need to correct it for me.  Yes, sir.

11      MR. CARROLL:  Your Honor, on October 20th, 1998,

12 in the area of 315 Franklin Street, N.E., Apartment Number

13 101, where Adrian Young, the defendant's friend, was

14 living, the defendant had forced his way into that

15 apartment.  She had a chain lock on the door, and he broke

16 the door.  And she had called the police, and he left, but

17 he was arrested outside.  And after being arrested and

18 confronted by the police, he gave the police, referring to

19 Adrian Young, all this shit is going to make me do is make

20 my fuck her ass up, and I'm going to get someone to fuck

21 her up, and he said that in the presence of two officers.

22      THE COURT:  Is that true?

23      THE DEFENDANT:  Yes, Your Honor, that's the way

24 it happened.

25      THE COURT:  Does any counsel know of any reason

9

## CERTIFICATE

I, Mary Ann Rowcotsky, a transcriber, do hereby certify that I transcribed the proceedings had and the testimony adduced in the matter of <u>United States v. Gregory Longus</u>, Criminal Action No. F1862-99, in said Court, on the 23rd day of June, 1999.

I further certify that the foregoing 15 pages constitute the official transcript of said proceedings as transcribed from audio recording to the best of my ability.

I have hereto subscribed my name on the 13th day of February, 2003.

_Mary Ann Rowcotsky_
Transcriber

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that one true original letter and exhibits attached, pursuant to the **Privacy Act, Title 5 U.S.C. sec. 552a et seq.** has been mailed, via U.S. Postal Service Cerified Mail Return Reciept this 15th day of March 2004 to the following:

> Paul Quander, Director
> Court Services and Offenders
> Supervision Agency (CSOSA)
> 633 Indiana Avenue, N.W.
> Washington, DC  20004

Gregory M. Longus, Jr.
Fed. Reg. #30333-007
Rivers Correctional Inst.
P.O. Box 630/ Unit B-1
Winton, NC  27986-0630

## UNSWORN DECLARRATION UNDER PENALTY OF PERJURY

It is HEREBY SUBSCRIBED by me pursuant to **Title 28 U.S.C.A. Sec. 1746, under penalty of perjury** that the foregoing is ture and correct.

Executed this 15th day of March 2004.

Gregory M. Longus, Jr.
Fed. Reg. #30333-007
Rivers Correctional Inst.
P.O. Box 630/ Unit B-1
Winton, NC  27986-0630



**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*Investigations, Diagnostics, and Evaluation Branch*

May 20, 2004

Rivers Correctional Institution
Attention: Inmate Gregory M. Longus
Federal Register No. 30333-007
P.O. Box 630/Unit B-1
Winton, North Carolina 27986-0630

### RE: Pre-sentence Investigation Report

Dear Mr. Longus:

We have reviewed your request to Director Paul Quander for corrective action of your pre-sentence investigation report. Our review reveals that the document submitted to the Court by our agency in September 1999, contained information that was not appropriate. We have taken corrective measures to remove this information and revise the pre-sentence investigation report. Please find attached a revised version of your pre-sentence investigation report. This information is also being forwarded to the warden at the Rivers Correctional Institution and the sentencing judge in your case, The Honorable Stephen G. Milliken.

If you should have any additional questions regarding your pre-sentence investigation, you may forward your correspondence directly to

**Court Services and Offender Supervision Agency**
**Community Supervision Services**
**Attention: Edmond L. Pears, Branch Chief**
**800 North Capitol Street, N.W., Suite 2700**
**Washington, D.C. 20001**

**06 0421**
**FILED**

MAR - 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*EXHIBIT*

*THREE*

We apologize if the inappropriate information has caused you any difficulty during your incarceration. If we may be any further assistance, please feel free to contact me.

Sincerely,

Edmond L. Pears
Branch Chief

Attachments:

Cc:    Paul Quander, Director
       Thomas H. Williams, Associate Director, CSS
       George Pruden, General Counsel
       Warden George Snyder

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

COF 63

vs.

Case No. _F 1862 99 "c"_

PDID No. _354542_

GREGORY M. LONGUS

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____
THREATS TO INJURE A PERSON

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

"C" 80 MONTHS TO 20 YEARS ESS ALL BUT 1 YEAR
5 YEAR SUPERVISED PROBATION

☑ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☑ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☑ Observe the general conditions of probation listed on the back of this order.

☑ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☑ Treatment for ☑ alcohol problems ☑ drug dependency or abuse as follows: WEEKLY DRUG TESTING AND ALCOHOL ATESTING AT THE DISCRETION OF YOUR PROBATION OFFICER. WEEKLY + RANDOM AT OUTSET

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to ENTER AND COMPLETE THE DOMESTIC VIOLENCE

☐ INTERVENTION PROGRAM. DEFENDANT MUST PAY LAWFUL CHILD SUPPORT, MENTAL HEALTH COUNSELING by person at THE DISCRETION OF YOUR PROBATION OFFICER. THE DEFENDANT MUST STAY _100.00_ AWAY FROM ADRIENNE YOUNG INDIRECTLY OR DIRECTLY

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☑ have not been paid. AT ALL TIMES. ALSO A NEUROLOGICAL EXAMINATION AT DONE AT THE DISCRETION OF THE PROBATION OFFICER CONSISTENT

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant. WITH REC OF REPORT IN AID OF SENTENCING.

A TRUE COPY

_9-10-99_
Date

TEST: DEC 3 4 2002

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d) of the District of Columbia

_9-10-99_
Date

By: _____
Deputy Clerk

Duayne Segar
Deputy Clerk

EXHIBIT
FOUR

Form CD(18)-1040/Aug. 87

06 0421

FILED
MAR 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*TDF-59*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

*PROBATION REVOKED*

United States of America
~~District of Columbia~~

Case No. _F 1862-99 C_
PDID No. _354 542_

vs.

_GREGORY M. LONGUS_

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____
_THREATS TO INJURE A PERSON_
_____

and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _FIVE (5)_
_TO FIFTEEN (15) YEARS IN JAIL._

**A TRUE COPY**

TEST : DEC 0 4 2002

Clerk Superior Court of the
District of Columbia

By: _____
Deputy Clerk

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

  ☐ Observe the general conditions of probation listed on the back of this order.

  ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
  written notice from your Probation Officer.

  ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
  _____

  ☐ Restitution of $_____ in monthly installments of $_____ beginning
  _____ (see reverse side for payment instructions). The Court
  will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_100.00_ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☑ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_7/31/01_
Date

Judge _MILLIKEN_

Certification by Clerk pursuant to Criminal Rule 32(d).

_7/31/01_
Date

_C. Naubeison_
Deputy Clerk

Form CD 1040/Mar.01



**Court Services and Offender Supervision Agency**
**for the District of Columbia**

*Community Supervision Services*
*Investigations, Diagnostics, and Evaluations Branch*

**REVISED**
**PRESENTENCE REPORT**

**PDID No.** 354-542
**Docket No.:** F-1862-99

**Re:** Gregory Longus

**To:** The Honorable Stephen G. Milliken

**From:** SCSO Karen McDaniel

**Date Referred:** 6-23-99

**Date Due:** 9-7-99

**Sentencing Date:** 9-10-99

---

**Defendant Information:**
**True Name:** Gregory Milton Longus, Jr.

**Aliases:** None known

**Age/Birthdate:** 30/9-21-68        **Sex:** Male

**Time in DC Area:** Life

**Marital Status:** Single        **Dependents:** 2

**Social Security No.:** 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

**DCDC No.:** 261 348

**Address:** 601 Edgewood St. NE
#316 Washington, DC 20017

**Tel. #:** (202) 269-3068

**Birthplace:** Washington, DC

**06 0421**

**Citizenship:** US
**Alien No.:** N/A

**Education:** GED    **FILED**

**Permit No.:** VA (SSN) MAR − 8 2006

**FBI No.:** 209 378 HANANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Offense, Code and Penalty:** Threats/Felony; 22-2307; up to 20 years.

**Plea:** Guilty        **Judgment:** Guilty

**Detainers or Pending Charges:** None

**Co-defendants:**
None                    **(Dkt No.):**

**AUSA:** Mark Carroll

**Defense Counsel:** Stephen Jackson

**Bond Status:**

*EXHIBIT*

*FIVE*

**(Status):**

**Telephone:** (202) 305-1396

**Telephone:** (202) 393-7347

Court Services and Offender Supervision Agency

Page 2

## CONTACTS:

7-4-99      Telephone conversation with AUSA Mark Carroll.

7-15-99     Jail visit/defendant.

7-15-99     Telephone conversation/Dr. Hoiles, Forensic Psychiatry

7-22-99     Telephone conversation/Deborah Longus, defendant's mother.

7-27-99     Telephone conversation/Tanya Longus, defendant's sister.

9-2-99      Telephone conversation/Charles Ransom, defendant's uncle.

## OFFICIAL VERSION:

*The below came on entry of a plea before the Honorable Stephen G. Milliken, Senior Judge in Courtroom Number 311 on Wednesday, June 23, 1999 commencing at 10:22 a.m. Appearing on behalf of the Government was Mark Carroll, Esquire and on behalf of the defendant was Steven Jackson, Esquire:*

On October 20, 1998, in the area of 315 Franklin Street, NE, Apartment Number 101, where Adrian Young, the defendant's friend was living, the defendant forced his way into that apartment. She had a chain lock on the door, and he broke the door. And she called the police, and he left, but he was arrested outside. And after being arrested and confronted by the police, he gave the police, referring to Adrian Young, all this shit is going to make me do is make me fuck her ass up, and I'm going to get someone to fuck her up, and he said that in the presence of two officers.

## DEFENDANT'S VERSION:

"I never touched her. I only admit to saying things I shouldn't have and also being around her (in violation of the Stay Away Order). The prosecutor was trying to paint this picture that I was stalking her. I didn't cut her ear. The two witnesses was going to testify that somebody else cut her . I don't know who it was. I don't know why the people (witnesses) didn't call the police. Most people don't want to get involved in a domestic incident. How could I drag her that far (10 or 12 blocks)? I made a bad choice in character (in becoming involved with Adrienne Young). My whole family told me to leave her alone. I did love her, though."

## PRIOR CRIMINAL RECORD:

### ADULT:  Prince George's County, MD

| | | | |
|---|---|---|---|
| 4-1-87 | Trespassing 063898E2 | Stet dkt. | MDPP |
| | Unauthorized Use of a Vehicle 0639465E1 | Stet dkt. | " |

### Washington, DC

| | | | |
|---|---|---|---|
| 6-7-87 | Simple Assault M-6811-87A | 6-8-97 No Papered | DCSC |

### Prince George's County, MD

| | | | |
|---|---|---|---|
| 12-12-87 | Assault 0652823E3 | Nolle Prosequi | MDPP |
| | Unauthorized Use of a Vehicle 064603E1 | Nolle Prosequi | |
| | Destruction of Property 0650155E2 | Guilty; Confinement 2 days | |
| 2-9-88 | Theft over $300 0062305E5 | Nolle Prosequi | |
| 6-22-88 | Burglary with Intent To Steal/Daytime Battery 06531 | Nolle prosequi (both counts) | |

| | | | |
|---|---|---|---|
| 2-28-89 | Possession of Cocaine 0079586E3 | Nolle Prosequi | MDPP |
| 10-29-89 | Theft over $300 0679951E6 | Nolle Prosequi | |
| 9-25-90 | Malicious Destruction of Property of Another 06881E4 | Guilty; Confinement 2 days | |

**Washington, DC**

| | | | |
|---|---|---|---|
| 10-20-98 | Armed Burglary I M15489-98A | 10-21-98 No Papered | DCSC |
| | Threat to Injure A Person Count B | No Papered | |
| | Threat To Do Bodily Harm Count C | 2-1-99 Dismissed for Want of Prosecution | |
| | Destruction of Property Count D | 2-1-99 Dismissed for Want of Prosecution | |
| | Unlawful Entry Count E | 2-1-99 Dismissed for Want of Prosecution | |
| 1-25-99 | Attempted Burglary M-917-99A | 1-26-99 No Papered | |
| | Destruction of Property Domestic | 4-27-99 Acquitted | |
| 3-21-99 | Assault With A Dangerous Weapon F-1862-99A | 5-26-99 Indicted | |
| | Armed Burglary I Count B | 9-10-99 To Be Dismissed | |
| | Threat to Injure A Person Count C | **INSTANT OFFENSE** | |
| | Assault With A Dangerous Weapon – Count D | 9-10-99 To Be Dismissed | |

| 3-21-99 | Carrying A Pistol Without License Count E | 9-10-99 To Be Dismissed | DCSC |
|---------|-------------------------------------------|-------------------------|------|
|         | Possession of a Firearm During the Commission Of a Crime of Violence Count F | 9-10-99 To Be Dismissed | |
|         | Aggravated Assault Count G | 9-10-99 To Be Dismissed | |
|         | Malicious Disfigurement Count H | 9-10-99 To Be Dismissed | |

### PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:

The defendant has never been on probation or parole. Until now, his longest period of incarceration has not been more that a couple of nights in jail. During the pre-disposition phase, he has been at DC Jail.

### EMPLOYMENT HISTORY:

From: Summer 1997 to winter 1998 (claimed by defendant )
Name of Employer: Unified Services
Address: The defendant worked at PEPCO's Benning Road Power Station, Northeast, Washington, DC
Telephone Number: 202 872-2000
Position/Salary: Maintenance man/$13.50 per hour
Reason for Leaving: The defendant stated, "I had to work in my mother's catering business and the hours conflicted."
Verification: Since July of 1999, this writer has left several messages at PEPCO's Human Resources Office, requesting verification of employment. The calls have not ben returned. However, recently, the defendant's uncle, Charles Ransom, reported that her helped the defendant obtain this job and they did not work directly for PEPCO, but rather for Unified Services, a now-defunct company which had a maintenance contract with PEPCO. Mr. Ransom says that he does not remember the dates of the defendant's employment, but he thinks that the salary reported by the defendant might be correct. This writer expressed the opinion that $13.50 seemed high for maintenance work, but Mr. Ransom responded that there was some danger involved so PEPCO was willing to pay more. Mr. Ransom, telephone 301 218-0475, also says that the defendant has worked with him in his silk screening business.
Comments: The defendant's mother, Deborah Longus, confirmed that she, the defendant, and a longtime friend of hers, Emmett Melvin, have a catering business. It is out of a mobile kitchen and they usually park at Fourth Street and Rhode Island Avenue, NE. The business is known as "Mr. Ribs," telephone 202 288-4083, and, in addition to serving customers at that location, they

cater large parties. She says that the defendant has worked with her and Mr. Melvin on and off for the last dive years.

## SOCIAL HISTORY:

**Sources of Verification:** Defendant's mother, defendant's sister, defendant's uncle.

### Family History

The defendant's parents, Deborah Longus and Gregory Longus, Senior, are still married but they separated when he was eleven years old. He commented, "I didn't like it when my parents split up, but later I came to understand that two people can love each other but not live together." Currently his mother lives at 601 Edgewood Street, NE Apartment 316, Washington, DC 20017, telephone 202 269-3068, and his father lives at 2834 Minnesota Avenue, Southeast, Apartment 1, Washington, DC 20020, telephone 202 575-0515. The defendant's only sibling is his sister, Tanya Longus, who is 15 months younger. She is a sergeant in the Metropolitan Police Department and she resides at 220 33rd Street, NE, Washington, DC, telephone 202 388-6780.

The defendant's mother says that the family is close. The defendant told this writer that, with the exception of his parents' separation, his childhood was good. His mother reports that she sent him to live with his maternal grandmother in Prince George's County when he was in high school because she felt that the schools there were superior. Both her mother and her mother's mother are still living. The defendant's great-grandmother often asks for him but no one wants to tell her that he is in jail. According to Ms. Longus, the worst law violation anyone in their extended family has ever had is a parking ticket!

### Education/Training

The defendant went to three different high schools but did not finish. However, he claims that he obtained a GED.

### Military

The defendant has no history of military service.

### Marital Status and Living Arrangements

The defendant is single but claims paternity of two sons. Their mother is LaShonda Ricks, whom he describes as his "fiancée." He was asked about his relationship with the victim, Adrienne Young, as he was claiming that he and Ms. Ricks had been together for nine years. He answered that he was "not ready to settle down" before but feels that he is now. Ms. Ricks and the two children live in Northeast DC, telephone 202 396-1959. According to the defendant and his family, the numerous Prince George's County complaints were brought against him by Ms. Ricks' mother.

Although the defendant has the family with Ms. Ricks, he lives with his mother. When asked why he is not with the children, he replied, "I live with my mother out of convenience."

## Financial Status

The defendant says that he has no money in savings and he owes money for Ms. Ricks' utility bills.

## Health

The defendant says that his health had been satisfactory; however, incarceration is exacerbating his ulcers. He is also experiencing insomnia.

The defendant was aware that he would have a psychiatric examination. He says that he has not history of mental illness or reason to believe that he is now suffering from any type of mental illness. His mother and sister are not aware of any problems of this nature. Dr. Fay-Dumaine does not believe that the defendant is mentally ill.

### Substance Use/Abuse

The defendant says that he drinks "a beer here and there", but he denies that he has ever used any drugs.

## EVALUATION AND DIAGNOSIS:

Gregory Longus, a 30 year old lifetime resident of the District of Columbia, is before Your Honor for sentencing after having pled guilty to Threats/Felony. The defendant admits that he threatened Adrienne Young, but he adamantly denies ever being physically violent toward her. It may be that he is admitting the threats because they were overheard by police officers while he was sitting in the patrol car! According to AUSA Carroll, the defendant said, "I'm going to fuck her ass up or get someone to fuck her up!" The defendant also admitted to this writer that he had violated Stay Away orders, which Ms. Young has requested.

The defendant denies that he has ever been violent towards women. He says that the only violent act he can ever recall committing toward anyone was breaking his father's windshield in anger. He adamantly denies ever assaulting women and his mother and sister say that they have never known him to do so. However, he has been accused of violent crimes involving women on numerous occasions (although most of the cases did not result in convictions).

A psychiatric evaluation was ordered; however, he and his relatives told this writer there is no known history of mental illness or reason to suspect that this is a concern. In conversation,

the defendant did not appear, to this layperson, to be suffering from any type of mental disorder. After examining him, Dr. Fay-Dumaine also concluded that he is not mentally ill.


The defendant apparently comes from a lawabiding family where gainful employment is the norm. He was upset when his parents separated when he was eleven years old, but maintained contact with both. He is close to his sister, who like many of his relatives, works as a police officer.

The defendant referred several times in the conversation to his "fiancée," LaShonda Ricks. He said quite proudly that they had been together nine years and have two sons, ages nine and five. He also boasted, "I've always taken care of my children!" However, he says that most recently, he was living with his mother "out of convenience." And, obviously, the circumstances involving the complainant in the Instant Offense belie his claim of being a family man.

If the defendant has had any jobs that he did not get through his mother or maternal uncle, he did not mention them. He is close to his family, and, while there is nothing wrong with that per se, one gets the impression that he is a somewhat immature individual who is indulged by his relatives, particularly his mother. It seems that Ms. Longus turns a blind eye and a deaf ear to any faults her son might have. She dismisses the problems with Ms. Young as all based on Ms. Young's instability and tendency toward melodrama. While it may or may not be true that Ms. Young tends to dramatize events, certainly the injuries that she has suffered in the last year are not something that and overwrought imagination dreamed up. Clearly, she has been hurt and it would appear that, even after numerous warnings, the defendant did not stay away from her. As noted, he made threats, even in front of the police officers! If he will talk about hurting someone in the presence of police officers, one shudders to think of what he might do when no one is around. In this writer's opinion, Mr. Longus totally lost his sense of proportion after he became involved with Ms. Young. While he has seemingly been fortunate to have many similar type charges dismissed in the past (both in DC and Prince George's County, Maryland), this writer believes that his aggressiveness is escalating. Incarceration is appropriate, in this writer's opinion, although, according to AUSA Carroll, the victim is only asking that the defendant receive therapy.


**TREATMENT PLAN:**

Counseling (in a secure setting) to counter aggressiveness.

**RECOMMENDATION:**

Incarceration is respectfully recommended.

Respectfully submitted,


Karen McDaniel
Supervisory Community Supervision Officer
(202) 442-1441

Formerly cited as DC ST 1981 § 23-1331

District of Columbia Official Code 2001 Edition Currentness
    Division IV. Criminal Law and Procedure and Prisoners.
        Title 23. Criminal Procedure. (Refs & Annos)
            Chapter 13. Bail Agency [Pretrial Services Agency] and Pretrial Detention.
            Subchapter II. Release and Pretrial Detention. (Refs & Annos)
            **§ 23-1331. Definitions.**

As used in this subchapter:

(1) The term "judicial officer" means, unless otherwise indicated, any person or court in the District of Columbia authorized pursuant to section 3041 of Title 18, United States Code, or the Federal Rules of Criminal Procedure, to bail or otherwise release a person before trial or sentencing or pending appeal in a court of the United States, and any judge of the Superior Court.

(2) The term "offense" means any criminal offense committed in the District of Columbia, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress.

(3) The term "dangerous crime" means:
    (A) Any felony offense under Chapter 45 of Title 22 (Weapons) or Chapter 23 of Title 6 (Firearms Control);
    (B) Any felony offense under Chapter 27 of Title 22 (Prostitution, Pandering);
    (C) Any felony offense under Unit A of Chapter 9 of Title 48 (Controlled Substances);
    (D) Arson or attempted arson of any premises adaptable for overnight accommodation of persons or for carrying on business;
    (E) Burglary or attempted burglary;
    (F) Cruelty to children;
    (G) Robbery or attempted robbery; or
    (H) Sexual abuse in the first degree, or assault with intent to commit first degree sexual abuse.

(4) The term "crime of violence" means:
    (A) Aggravated assault;
    (A-1) An act of terrorism;
    (B) Arson;
    (C) Assault with a dangerous weapon;
    (D) Assault with intent to commit any offense;
    (E) Burglary or attempted burglary;
    (F) Carjacking;
    (G) Child sexual abuse;
    (H) Cruelty to children in the first degree;
    (I) Extortion or blackmail accompanied by threats of violence;
    (J) Kidnapping;
    (K) Mayhem;
    (L) Malicious disfigurement;
    (L-1) Manufacture or possession of a weapon of mass destruction;
    (M) Murder;
    (N) Robbery;
    (O) Sexual abuse in the first, second, and third degrees;
    (O-1) Use, dissemination, or detonation of a weapon of mass destruction;
    (P) Voluntary manslaughter; or
    (Q) An attempt or conspiracy to commit any of the foregoing offenses as defined by any Act of Congress or any State law, if the offense is punishable by imprisonment for more than one year.

(5) The term "addict" means any individual who habitually uses any narcotic drug as defined by section 4731 of the Internal Revenue Code of 1954 so as to endanger the public morals, health, safety, or

**FILED**

MAR - 8 2006

**06 0421**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*EXHIBIT*

*SIX*

CREDIT(S)

(July 29, 1970, 84 Stat. 650, Pub. L. 91-358, title II, § 210(a); July 28, 1989, D.C. Law 8-19, § 2(c), 36 DCR 2844; May 8, 1990, D.C. Law 8-120, § 2(c), 37 DCR 24; May 8, 1993, D.C. Law 9-270, § 3, 39 DCR 9223; Oct. 2, 1993, D.C. Law 10-26, § 3, 40 DCR 3416; Aug. 20, 1994, D.C. Law 10-151, § 101(e), 41 DCR 2608; May 23, 1995, D.C. Law 10-257, § 401(f), 42 DCR 53; June 3, 1997, D.C. Law 11-273, § 3(a), 43 DCR 6168; June 12, 2001, D.C. Law 13-310, § 2(e), 48 DCR 1648; Oct. 17, 2002, D.C. Law 14-194, § 156(b), 49 DCR 5306.)

HISTORICAL AND STATUTORY NOTES

Prior Codifications

1981 Ed., § 23-1331.

1973 Ed., § 23-1331.

Effect of Amendments

D.C. Law 13-310 rewrote pars. (3) and (4) which had read:

> "(3) The term 'dangerous crime' means (A) taking or attempting to take property from another by force or threat of force, (B) unlawfully entering or attempting to enter any premises adapted for overnight accommodation of persons or for carrying on business with the intent to commit an offense therein, (C) arson or attempted arson of any premises adaptable for overnight accommodation of persons or for carrying on business, (D) first degree sexual abuse, or assault with intent to commit first degree sexual abuse, (E) unlawful sale, distribution of or possession with intent to distribute a controlled substance, as 'controlled substance' is defined in the District of Columbia Official Code or any Act of Congress, if the offense is punishable by imprisonment for more than one year, or (F) possessing an unregistered firearm, carrying a pistol without a license, or carrying a concealed weapon in a place other than the person's dwelling place, place of business, or on other land possessed by the person.
> "(4) The term 'crime of violence' means murder, first degree sexual abuse, child sexual abuse, mayhem, kidnapping, robbery, burglary, voluntary manslaughter, extortion or blackmail accompanied by threats of violence, arson, assault with intent to commit any offense, assault with a dangerous weapon, aggravated assault, armed carjacking, or an attempt or conspiracy to commit any of the foregoing offenses as defined by any Act of Congress or any State law, if the offense is punishable by imprisonment for more than one year."

D.C. Law 14-194, in par. (4), added subpars. (A-1), (L-1), and (O-1).

Emergency Act Amendments

For temporary amendment of section, see § 101(e) of the Omnibus Criminal Justice Reform Emergency Amendment Act of 1994 (D.C. Act 10-255, June 22, 1994, 41 DCR 4286).

Legislative History of Laws

For legislative history of D.C. Law 8-19, see Historical and Statutory Notes following § 23-1322.

For legislative history of D.C. Law 8-120, see Historical and Statutory Notes following § 23-1322.

Law 9-270, the "Carjacking Prevention Temporary Amendment Act of 1992," was introduced in Council and assigned Bill No. 9-629. The Bill was adopted on first and second readings on October 6, 1992, and November 4, 1972, respectively. Signed by the Mayor on November 25, 1992, it was assigned Act No. 9-328 and transmitted to both Houses for Congress for its review. D.C. Law 9-270 became effective on