UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY M. LONGUS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-0421 (JGP) |
| v. | ) |
| | ) |
| UNITED STATES PAROLE COMMISSION, | ) |
| Isaac Fulwood, Commissioner, | ) |
| Kathleen A. Pinner, Executive Hearing Examiner, | ) |
| J. Robertson Haworth, Hearing Examiner, | ) |
| Otis Thomas, Hearing Examiner, | ) |
| Jacqueline R. Wynn, Hearing Examiner, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendants United States Parole Commission ("USPC"), USPC Commissioner Isaac Fulwood, USPC Hearing Examiners Kathleen A. Pinner, J. Robertson Haworth, Otis Thoms and Jacqueline Wynn, by and through their undersigned counsel, respectfully move, pursuant to Fed. R. Civ. P 12(b)(1), 12(b)(3) and 12(b)(6), for dismissal of this action for lack of subject matter jurisdiction, improper venue and failure to state a claim upon which relief can be granted.  In the alternative, defendants move, pursuant to 28 U.S.C. § 1391(e), that the Court transfer this action to the Eastern District of Kentucky.  In support of this motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case.

1

A proposed Order consistent with the relief sought herein is attached.

                                               Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____
MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney
501 Third Street, N.W., Fourth Floor
Washington, DC 20530
202-514-6531

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY M. LONGUS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06-0421 (JGP) |
| v. ) | |
| ) | |
| UNITED STATES PAROLE COMMISSION, ) | |
| Isaac Fulwood, Commissioner, ) | |
| Kathleen A. Pinner, Executive Hearing Examiner, ) | |
| J. Robertson Haworth, Hearing Examiner, ) | |
| Otis Thomas, Hearing Examiner, ) | |
| Jacqueline R. Wynn, Hearing Examiner, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiff brings this complaint under Title 42, United States Code, Section 1983, claiming that the United States Parole Commission's use of allegedly inaccurate information deprived him of his due process right to a fair parole hearing. Plaintiff's complaint is filed against the United States Parole Commission ("USPC") and five USPC employees in their official capacities.

**I. PROCEDURAL HISTORY**

1. On September 10, 1999, Plaintiff Gregory Longus was convicted, in the Superior Court of the District of Columbia, for Threats to Injure a Person. Plaintiff was sentenced to a term of 80 months to 20 years, with execution of the sentence suspended except for one year. He was placed on probation for a term of five years. See Exhibit 1.

    2. On July 3, 2001, plaintiff's probation was revoked for failing to keep scheduled appointments, testing positive for drug use, failing to enter and complete a domestic violence intervention program, failing to pay the victim crime prevention fee, and failing to report for drug assessments. See Exhibit 2. On July 31, 2001, he was re-sentenced to a term of 5-15 years. See Exhibit 3.

    2. On March 24, 2005, plaintiff received an initial parole hearing before USPC Hearing Examiner Otis Thomas. See Exhibit 4. During that hearing, Hearing Examiner Thomas referred to a pre-hearing assessment report which had been prepared by Hearing Examiner Jacqueline Wynn. See id. That report referred to the September 10, 1999 pre-sentence report ("initial PSR") used at plaintiff's sentencing hearing. See Exhibit 5.

    3. Plaintiff objected to the use of the initial PSR because it described events other than that to which he pleaded guilty.[1] Plaintiff indicated that a revised pre-sentence report ("revised PSR") had been created on or about May 20, 2004. See Exhibit 6.[2] This revised PSR only addressed the crime to which plaintiff pleaded guilty.[3] Plaintiff argued that the USPC could only

---

[1] The initial PSR indicated that the police responded to a call regarding an assault. Upon their arrival, they spoke to the victim who stated that plaintiff had broken a beer bottle, approached her from behind, and cut the right side of her head causing severe lacerations to her ear. She indicated that after plaintiff cut her, he dragged her several blocks down the street. Another witness informed the police that he observed plaintiff dragging the victim into an apartment building. See Exhibit 5, p. 2.

[2] Plaintiff asked the Court Services and Offender Supervision Agency ("CSOSA") to revise his pre-sentence report to reflect only the event to which he pleaded guilty. By letter dated May 20, 2004, CSOSA informed plaintiff that it had done so. See Exhibit 7.

[3] The revised PSR indicated that plaintiff forced his way into an apartment which was chain locked. See Exhibit 6, p. 2. Plaintiff was confronted by the police and stated, "...all this shit is going to make me do is make me f— her ass up, and I'm going to get someone to f— her up." Id.

consider the information in the revised PSR.[4]

3.  Hearing Examiner Thomas reviewed the revised PSR, and plaintiff admitted to only the version of events summarized in that report. See Exhibit 4.

4.  Hearing Examiner Thomas determined that plaintiff's total guideline range was 69-75 months, see id., and recommended that plaintiff receive a presumptive parole date after serving a term of 69 months. Id.

5.  Executive Hearing Examiner ("EHE") Kathleen Pinner reviewed the recommendation. However, she determined that the USPC should obtain information regarding why the revised PSR was prepared. Id.

6.  The USPC deferred its decision regarding plaintiff's parole eligibility to obtain this information. Id.

7.  Subsequently, the USPC received additional documentation regarding plaintiff's offense and conviction including: the Indictment; Findings of Fact and Conclusions of Law and Order of Detention Pending Trial; Order denying modification of plaintiff's conditions of release; United States Opposition to Defendant's Motion to Vacate Sentence; Order denying plaintiff's emergency motion to revise and reissue pre-sentence report; transcript of plaintiff's September 10, 1999 sentencing hearing; transcript of plaintiff's July 24, 2001 violation hearing; and transcript of plaintiff's July 31, 2001 sentencing hearing.[5]  EHE Pinner determined that there was

---

[4]The pre-sentence reports are being submitted to the Court under separate cover and not being served on plaintiff due to the Bureau of Prisons policy that prohibits inmates from maintaining copies of pre-sentence reports in their own records. Plaintiff may review his pre-sentence report in his institutional file.

[5]The Indictment, Findings of Fact and Conclusions of Law and Order of Detention Pending Trial, Order denying modification of plaintiff's conditions of release, United States

no indication from the documentation that the Commission should be limited to considering only the information in the revised PSR.[6]

8. EHE Pinner determined that, based on the documentation received and despite plaintiff's claim that someone else had cut the victim, the preponderance of evidence supported a finding that plaintiff committed a high level violence offense. She determined that plaintiff's total guideline range was 76-82 months,[7] see Exhibits 4, 8, and recommended that plaintiff receive a presumptive parole date after serving a term of 82 months. See Exhibit 4. This was at the top of the guidelines range because plaintiff committed the offense to which he pleaded guilty after a stay away order of protection had been issued. Id.

9. Hearing Examiner, J. Robertson Haworth, concurred with EHE Pinner's recommendation. Id.

10. Parole Commissioner Isaac Fulwood reviewed and agreed with the recommendation as well. See Exhibit 12.

---

Opposition to Defendant's Motion to Vacate Sentence, and Order denying plaintiff's emergency motion to revise and reissue pre-sentence report are found at Exhibit 9. The transcript of plaintiff's September 10, 1999 and July 31, 2001 sentencing hearings are found at Exhibit 10. The transcript of plaintiff's July 24, 2001 violation hearing is found at Exhibit 11.

[6]EHE Pinner noted that, in the "Findings of Fact, Conclusions of Law and Order of Detention Pending Trial, . . . the trial judge ordered that . . . [plaintiff] be held without bond . . . and . . . found that there was probable cause to believe that the defendant committed [an] . . .assault with a dangerous weapon (bottle)." Exhibit 4, p. 4. In addition, the court denied plaintiff's motion for modification of his conditions of release because there was "clear and convincing evidence" that plaintiff committed a crime of violence. Id.

[7]Plaintiff was assessed 1 point in Category III for high level violence under 28 C.F.R. Sec. 2.80(g)(2)(ix)(malicious disfigurement). See Exhibit 4. Plaintiff was alleged to have "cut [the victim's] ear to leave it dangling[,] almost completely severing her ear from her head . . . ." Exhibit 11 p. 25.

11. By a Notice of Action dated July 15, 2005, plaintiff was advised that he had been continued to a presumptive parole date of May 21, 2007, after serving a term of 80 months. Exhibit 13.

12. Subsequently, the Notice of Action was corrected to show that the presumptive parole date of May 21, 2007 was after serving a term of 82 months. Exhibit 14.

## II. STANDARD OF REVIEW

### A.   Dismissal for Lack of Subject Matter Jurisdiction (Fed.R.Civ.P. 12(b)(1))

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. United States, No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987); see also 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)(". . .subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")

A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. Nat'l Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.; see also Cureton v. United States Marshal Service, 322 F.Supp.2d 23, 2004 WL 1435124, *2 (D.D.C. June 28, 2004).

B.   **Motion for Failure to State a Claim (Fed.R.Civ.P. 12(b)(6))**

In making determinations on a motion to dismiss under Rule 12(b)(6), the Court must view facts alleged in the complaint in the light most favorable to the plaintiff. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Nix v. Hoke, 139 F. Supp. 2d 125 (D.D.C. 2001), citing Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001); see also Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998). A complaint should be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 46. Although the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

### III.   ARGUMENT

A.   **Sovereign Immunity Bars Any Claims Against the USPC and the Individual Defendants In Their Official Capacities.**

Plaintiff has made a claim, under Title 42, United States Code, Section 1983, against the USPC, its commissioner and four hearing examiners. See Plaintiff's Memorandum of Points and Authorities In Support of His § 1983 Claim ("Pltf's Memo.") p. 1. In his memorandum, plaintiff specifically stated that he is suing the commissioner and hearing examiners "in their official capacity." Id. at 2 (emphasis in original). However, it is well-settled that suits against officials in their official capacity are, in effect, suits against the sovereign. See United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v.

Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985); Hutchinson v. United States, 677 F.2d 1322, 1326 (9th Cir. 1982); McKnight v. Civiletti, 497 F.Supp. 657, 659 (E.D. Pa. 1980). Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of a statutory waiver of such immunity. Lane v. Peña, 518 U.S. 187 (1996); Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990). Moreover, the District of Columbia Circuit has held that because the United States has not consented to being sued under Section 1983, sovereign immunity requires the court to dismiss the claim for lack of jurisdiction. Settles v. U.S. Parole Commission, 429 F.3d 1098, 1105 (D.C. Cir. 2005).

Because the United States has not waived immunity, the Court does not have subject matter jurisdiction over plaintiff's Section 1983 claim against the USPC or the other named defendants in their official capacities. Therefore, plaintiff's claim should be dismissed for lack of subject matter jurisdiction.[8]

Moreover, neither the United States nor any of its employees in an official capacity are a "person" within the meaning of Section 1983. See Al Faved v. CIA, 229 F.3d 272, 274 (D.C. Cir. 2000) ("the Court has repeatedly held that the word 'person' in a statute does not include a sovereign government absent affirmative evidence of such an inclusory intent"). See Vermont

---

[8] Plaintiff appears to have recognized the futility of making individual capacity claims. Fletcher v. District of Columbia, 370 F.3d 1223 D.C. Cir. 2004) judgment vacated on rehearing by Fletcher v. District of Columbia, 391 F.3d 250 (D.C. Cir. 2004). The USPC, the Commissioner, and the hearing examiners are entitled to absolute immunity from suit challenging parole decision making. See Cleavinger v. Saxner 474 U.S. 193, 204 (1985)(parole officials who perform a quasi judicial function enjoy absolute immunity); Reynolds El v. Husk, 273 F.Supp.2d 11, 13 (D.D.C. 2002)("'[m]ost federal courts . . . have consistently held that parole board members are absolutely immune from suit' . . . because [their] functions are 'closely analogous to the adjudicated functions of a judge, or [] associated with the judicial process itself.'")(citing Walrath v. United States, 35 F.3d 277, 281 (7th Cir. 1994).

Agency of Natural Resources v. U.S. *ex rel.* Stevens, 529 U.S. 765, 781(2000)); Hoffman v. U.S. Dep't of Housing & Urban Dev., 519 F.2d 1160, 1165 (5th Cir. 1975)("a federal agency is also excluded from the scope of section 1983 liability"). Therefore, plaintiff's claim against the USPC and its employees must fail.

**B.     Venue in the District of Columbia is Improper.**

In an action in which the defendants are sued in their official capacities, the venue provisions of Title 28, United States Code, Section 1391(e), are applicable. See Huskey v. Quinlan, 785 F.Supp. 4, 6 (D.D.C. 1992)(in a Bivens action, the applicable venue provision for plaintiff's lawsuit against defendants in their official capacities is 28 U.S.C. 1391(e)); Robertson v. Merola, 895 F.Supp. 1, 4 (D.D.C. 1995) ("applicable venue provision for suits against federal officials in their official capacities" is 28 U.S.C. §1391(e); Deutsch v. United States Dep't of Justice, 881 F.Supp. 49, 53 (D.D.C. 1995)(same).

> Section 1391(e) states:
>
> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, . . . may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

Therefore, in plaintiff's suit against the USPC and its employees, venue is inappropriate in the District of Columbia. The USPC's central office is located in Chevy Chase, Maryland. The event giving rise to plaintiff's claim, the parole hearing, took place at the Rivers Correctional Institution in Hertford, North Carolina. Finally, Plaintiff resides where he is incarcerated, at the

Federal Correctional Institution, in Manchester, Kentucky.  Cf. In re Lawrence C. Pope, 580 F.2d 620, 622 (D.C. Cir. 1978)("[i]n keeping with [D.C. Circuit's] policy of convenience, . . . for purposes of the general venue statute a prisoner has his residence at his place of confinement).  See Bryant v. Carlson, 652 F.Supp. 1286, 1288 (D.D.C. 1987).  Therefore, it is clear that the District of Columbia is not a proper venue for this suit, and plaintiff's claim should be dismissed for improper venue.[9]

**C.    Plaintiff Cannot Establish that the USPC Acted Unlawfully.**

Even if the Court had jurisdiction and venue were proper in this District, plaintiff could not establish that the USPC or its employees acted unlawfully or deprived him of rights, privileges, or immunities secured by the Constitution and laws of the United States.  Therefore, his claim would be dismissed for failure to state a claim upon which relief can be granted.  West v. Atkins, 487 U.S. 42, 46 (1988).

Plaintiff claims that the use of the initial PSR "deprived [him] of his due process right to receive a fair parole hearing."  Pltf's Memo. p. 2.  However, plaintiff does not have a clearly

---

[9]If plaintiff were to prevail in requiring the Commission to consider only the revised PSR, his parole guidelines could be changed from the current range of 76-82 months to a range of 58-58 months.  See Exhibit 8.  Because plaintiff already has served above the guideline range of 58-58 months, he could be released from custody.  See Exhibit 13 (showing that as of July 21, 2005, plaintiff had served 60 months.)  A "§ 1983 action is barred . . . no matter the relief sought . . . no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  Therefore, plaintiff could appropriately pursue habeas relief in the Eastern District of Kentucky, and the matter could be transferred there.  See Chatman-Bey v. Thornburgh, 864 F.2d 804, 810 (D.C. Cir. 1988)(en banc)("appropriated defendant in a habeas action is the custodian of the prisoner," who is the warden of the prison in which defendant is confined); Razzoli v. FBI, 230 F.3d 371, 376 (D.C. Cir. 2000)(petition for habeas corpus "must be brought against the custodian . . . [and] in[] the federal court with jurisdiction over the claimant's prison.").

established constitutional right to parole that gives rise to any due process protections. Because parole regulations vest considerable discretion in the Parole Board to grant or deny parole, they do not create a liberty interest in parole. Ellis v. District of Columbia, 84 F.3d 1413, 1420 (D.C. Cir. 1996). See Brandon v. District of Columbia Board of Parole, 823 F.2d 644, 647 (D.C. Cir. 1987)(no due process right to parole because District of Columbia law did not create a liberty interest in parole). Therefore, any alleged unfairness in the parole hearing, even if plaintiff were correct, would not afford plaintiff a basis for relief in a civil rights action. See Washington v. White, 805 F.Supp. 191, 193 (S.D.N.Y. 1992)(holding that since New York's parole provisions do not create an entitlement to parole, plaintiff could not bring claim of unfair hearing under § 1983). Moreover, plaintiff pointed to no authority for the proposition that the USPC must be precluded from considering his overall offense behavior, or for the proposition that review of both pre-sentence reports would rise to the level of a due process violation. Cf. Martinez v. Bureau of Prisons, 444 F.3d 620, 625 (D.C. Cir. 2006).

    Plaintiff's contention that the USPC relied upon an "inaccurate factual predicate" contained in his initial PSR is without merit.[10] See Pltf's Memo. pp. 2-4, 6-7. The USPC reviewed the initial PSR which indicated that plaintiff had assaulted the victim by nearly severing her ear with a broken bottle. However, the USPC also reviewed the revised PSR in which plaintiff only admitted to Threats to Injure a Person, and denied assaulting the victim. Importantly, the USPC's authority to consider episodes of criminal behavior notwithstanding the

---

[10] Notably, the May 20, 2004 letter to plaintiff from the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA") did not indicate that the initial pre-sentence report was revised because it was incorrect. Rather, it was revised as "not appropriate" as it listed plaintiff's entire offense behavior not solely the behavior to which he pleaded guilty. See Exhibit 7.

absence of a conviction is clearly established.  See Montgomery v. United States Parole Commission, 838 F.2d 299, 300 (8th Cir. 1988) (Commission may consider information in pre-sentence report where sentencing court did not resolve disputes as to accuracy and plaintiff claimed facts were false); Mullen v. United States Parole Commission, 756 F.2d 74, 75 (8th Cir. 1985)(dismissal of criminal charges for "lack of prosecutorial merit" no bar to independent fact-finding by Parole Commission); Bowen v. United States Parole Commission, 805 F.2d 885, 887 (9th Cir. 1985)(Commission may consider "unadjudicated allegations" in parole process); Bowen v. United States Parole Commission, 805 F.2d 885, 888 (9th Cir. 1986) (not a violation of due process for the Commission to consider unadjudicated allegations in determining offense severity rating); Kramer v. Jenkins, 803 F.2d 896, 900-01 (7th Cir. 1986) (Commission bases its parole decision on entire offense behavior and not just the offenses charged in the indictment and may consider information disregarded by the sentencing court); Whitehead v. United States Parole Commission, 755 F.2d 1536 (11th Cir. 1985) (Parole Commission can consider information relating to charges for which an applicant was acquitted since the Parole Commission has the authority to make independent findings of criminal conduct); Sheary v. United States Parole Commission, 822 F.2d 556, 558 (5th Cir. 1987) (in determining an offense severity rating Parole Commission could consider information in pre-sentence report that plaintiff was involved in drug offense prior to the one for which he was indicted and convicted).

Further, the USPC's regulations provide that relevant issues of fact shall be resolved by the Commission by a preponderance of the evidence.  See 28 C.F.R. Sec. 2.74(c) and 28 C.F.R. Sec. 2.19(c).  The Commission weighed the revised PSR and plaintiff's denial of the assault against the initial PSR and other documentation, and concluded that plaintiff's parole guidelines

should reflect his violent criminal behavior. The Commission considered the statements made by plaintiff during his hearing, but found the documentary evidence to be more credible. See Roberts v. Corrothers, 812 F.2d 1173, 1179 (9th Cir. 1987)(the credibility of evidence in parole cases is absolutely committed to the discretion of the Parole Commission.). Therefore, plaintiff could not establish that the USPC or its employees acted unlawfully, and plaintiff's claim would necessarily fail.

## IV. **CONCLUSION**

For all of the foregoing reasons, this action should be dismissed. If it is not dismissed, it should be transferred to the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1391(e).

Respectfully submitted,

KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


MARIAN L. BORUM, D.C. Bar #435409
Assistant United States Attorney
501 Third Street, N.W., Fourth Floor
Washington, DC 20530
202-514-6531

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May, 2006, I caused the foregoing to be served by first class mail, postage prepaid, to plaintiff *pro se*:

Gregory M. Longus
Fed. Reg. No. 30333-007
Federal Correctional Institution
Post Office Box 4000 / Oneida-A
Manchester, Kentucky 40962-4000

_____
MARIAN L. BORUM
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GREGORY M. LONGUS, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Civil Action No. 06-0421 (JGP) |
| v. | ) |
| | ) |
| **UNITED STATES PAROLE COMMISSION,** | ) |
| Isaac Fulwood, Commissioner, | ) |
| Kathleen A. Pinner, Executive Hearing Examiner, | ) |
| J. Robertson Haworth, Hearing Examiner, | ) |
| Otis Thomas, Hearing Examiner, | ) |
| Jacqueline R. Wynn, Hearing Examiner, | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on defendant's Motion to Dismiss, or in the Alternative, to Transfer. Upon consideration of this Motion and the entire record of this case, it is this _____ day of _____, 2006,

**ORDERED** that Defendant's Motion to Dismiss should be and hereby is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **GREGORY M. LONGUS, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 06-0421 (JGP) |
| v. | ) |
| | ) |
| **UNITED STATES PAROLE COMMISSION,** | ) |
| Isaac Fulwood, Commissioner, | ) |
| Kathleen A. Pinner, Executive Hearing Examiner, | ) |
| J. Robertson Haworth, Hearing Examiner, | ) |
| Otis Thomas, Hearing Examiner, | ) |
| Jacqueline R. Wynn, Hearing Examiner, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

This matter is before the Court on defendant's Motion to Dismiss, or in the Alternative, to Transfer. Upon consideration of this Motion and the entire record of this case, it is this _____ day of _____, 2006,

**ORDERED** that Defendant's Motion to Transfer should be and hereby is GRANTED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
Marian L. Borum
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, DC 20530

Gregory M. Longus
Fed. Reg. No. 30333-007
Federal Correctional Institution
Post Office Box 4000 / Oneida-A
Manchester, Kentucky 40962-4000