# HEARING SUMMARY

Name: Longus, Gregory                                        Reg No: 30333-007

## Hearing Parameters
Hearing Format ................................: In Person
Hearing Type ..................................: Initial
Hearing Date ..................................: 3/24/05
Examiner ......................................: Otis Thomas
Institution ...................................: Rivers Correctional Institution

## Sentence Parameters
Sentence Type .................................: DC Parole Eligible
MR/Statutory Release ..........................: 5/12/2015
Full Term Date ................................: 7/21/2015
Months in Custody .............................: 57 as of 4/11/05
Fines/Restitution/Assessment ..................: $100
Detainer ......................................: None noted

Additional text regarding the above parameters: None.

## Prior Action & Institutional Factors
Prior Action: Please see Pre-review dated 3/2/05.

Codefendants: None noted.

Representative & Representative's Statement: The subject's sister Tanya Longus spoke in behalf of the subject. She stated that the subject is her older brother, and this has been ordeal for the entire family. She stated that she has seen a positive progress in the subject since his period of incarceration. She stated that she would provide support once he is released to the community.

It is also noted that the subject's mother was present for the hearing. She chose not to speak at today's hearing.

Prisoner's Statement: The subject initially objected to the reading of the details as described in the Prehearing Assessment. He indicated that the Presentence Report had been revised and that behavior described in the Prehearing Assessment or the Presentence Report was not consistent with what actually transpired. The undersigned examiner reviewed the US Parole Commission's case file and found the revised Presentence Report indicating the correct offense behavior. It reads as follows: On 10/20/98, in the area of 315 Franklin Street NE, Apt. No. 101, where Adrian Young, the defendant's friend was living, the defendant forced his way into that apartment. She had a chain lock on the door, and he broke the door. She called the police, and the subject left, however, he was arrested outside. After being arrested, he confronted the police, referring to Adrian

B

Young "all this shit is going to make me do is make me fuck as of, and I'm going to get someone to fuck her up", and he said that in the presence of two officers.

The subject admitted to that version of the Presentence Report. The subject offered no objection to the application of the SFS, the DC Code Point Assignment, or the presumptive parole process as it relates to DC Code offenders.

**Discipline:** None.

**Program Achievement:** The subject completed Vocational Computer Technology on 12/23/04, Vocational Computer Technology on 8/25/04, Vocational Woodshop on 5/15/04, Life Skills on 5/5/04, Drug Education 40-Hour on 12/8/03, Cage Your Rage on 8/7/03, Folk Architect Modeling on 3/13/03, Narcotics Anonymous Wednesday and Thursday on 3/28/03, Life Skills on 12/24/02, Commercial Driver's License Preparation Course on 9/5/02, Keyboarding on 8/26/04, Computer Technology on 12/10/04 and he is currently in the CDL Vocational Training Program.

**Release Plans:** Upon release, the subject intends to reside with his sister, a police officer in SW, Washington, DC.

It is also noted the subject while at Butner, enrolled in the Intensive Drug Treatment Program, however, he was expelled from the program due to his poor attitude.

## Guideline Parameters, Evaluation & Recommendation

**Salient Factor Score:** 5.
**Base Point Score:** 4.

Base Point Score Guideline Range: ............................12-18
Months to Parole Eligibility Date: ..............................57-57
Disciplinary Guideline SINCE Last Hearing: ................0-0
Superior Program Achievement SINCE Last Hearing: ...0-0
Total Guideline Range: ............................................69-75

**Evaluation:** The subject comes to this hearing with a total guideline range of 69-75 months. The subject admitted to the behavior and the revised Presentence Report indicating only threats. The previous Prehearing Assessment indicates cruelty and violence.

The subject completed several programs including Domestic Violence, Self-Sufficiency Process, Cage Your Rage, two Anger Management, two Stress Management Programs, Narcotics Anonymous Program, and two Relapse Prevention Classes.

In addition, the subject enrolled in the Residential Drug Treatment Program while at Butner, however, due to his attitude he was expelled from the program. Subsequently, he was transferred to Rivers Correctional Institution. It appears that the subject continues to display aggressive behavior as indicated in his instant offense and his exportion from the Inpatient Drug Treatment Program at Butner.

To his favor, as noted above, the subject has completed several programs during his period of incarceration. Based on the above, it is this examiner's recommendation that a decision toward the bottom of the guidelines appears to be warranted.

**Recommendation:** Continue to a presumptive parole on 4/11/2006 after the service of 69 months.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

OXT/PAH
March 29, 2005
[Signature]

**Executive Reviewer's Comments:** Pinner: 04/19/05: Upon my initial review of this file on 04/14/05, I note that there were two Presentence Reports for the same offense in this case and that the original report contained a description of assaultive behavior that was not contained in the revised copy. I contacted Tom Hibarger Deputy Chief of the Felony Division of the U.S. Attorney's Office, DC Superior Court (see message slip) and asked him if he could review the file to determine why a revised PSI was prepared and whether or not there was information in the file that could support a preponderance finding re: the assaultive behavior committed by the subject. Mr. Hibarger indicated that he would have to obtain the file from the "Closed Files" in Suitland, MD from the Court.

Mr. Hibarger phoned today and advised that the Court is unable to locate their file. The U.S. Attorney's Office file has been ordered, but he is unsure when it will arrive. I recommend that the decision in this case be deferred for up to 90 days in order to clarify the information in the Presentence Reports.

REASONS: In order to clarify the conflicting information contained in the two Presentence Reports prepared in your offense of conviction in Docket #F1862-99C

Haworth, 4/21/05 – I don't really understand the reluctance to accept the revised PSI. I assume it is because we also have the original version, which probably should have been ordered destroyed by the court. In any case, now that this process has been started, I think the best thing to do is go along with the request to delay.

It is important to note that the guidelines set at the hearing were based on the original PSI with the more serious version of the offense. The recommendation made by Examiner Thomas is within those guidelines.

**Executive Reviewer's Comments:** Pinner: 07/07/05: Please see my "Executive Reviewer's Comments" dated 04/19/05. By Notice of Action dated April 25, 2005, the Commission ordered "Defer decision for up to 90 days" in order to clarify the conflicting information contained in the two Presentence Reports prepared in the subject's offense of conviction in Docket #F1862-99C. In a letter dated April 26, 2005, AUSA Hibarger, Deputy Chief of the Superior Court Division, sent to the Commission the documents filed in the Superior Court

Longus, Gregory, Reg. No. 30333-007                                Page 3 of 5

case file. Those documents contain motions filed by the subject regarding his case, the government's response to the motions and court orders regarding the motions. Attached to some of the subject's motions are copies of transcripts from the sentencing hearing in this case.

I have reviewed all of the material submitted and find nothing which does not allow the Commission to make its own finding that the subject committed the assault described in the original Presentence Report. In the documents submitted by the U.S. Attorney's Office, is a copy of a document dated April 5, 1999, "Findings of Fact, Conclusion of Law and Order of Detention Pending Trial", in which the trial judge ordered that the subject be held without bond, pending trial in this case. The judge, after considering factors to include the arresting officer's testimony and arguments of counsel for the subject and Government, found that there was probable cause to believe that the defendant committed the offense for which he was before the Court, assault with a dangerous weapon (bottle). Another document submitted is a copy of an Order dated May 19, 1999 in which the judge denies the defendant's motion for modification of conditions of release from bondless detention, since the court found on April 5, 1999, that the subject committed a crime of violence, assault with a dangerous weapon (bottle) and that the granting of the defendant's MJOA in M917-99 does not overcome the presumption arising from the Court's finding by *clear and convincing evidence (emphasis added)* that the subject committed a crime of violence in the District of Columbia. I note that the evidentiary standard of "clear and convincing evidence" is a higher standard than "preponderance of the evidence".

Another document submitted was a copy of an Order dated May 6, 2004 in which Judge Mott ordered that the Defendant's Emergency Motion to Revise and Reissue Pre-sentence Investigation Report is denied. In addition, the subject had filed a motion to seal records relating to the arrest in this case, which was denied by the Court in an Order dated May 15, 2003. Subject also filed a motion to vacate the original sentence imposed in this case, and he attached to that motion a portion of the transcript from his original sentencing. An issue arose as to whether or not the judge was going to take testimonial evidence on the dismissed count of assault (which was to be dismissed as a result of the plea bargain). Defense counsel asked to call a witness who would testify that the victim was assaulted by someone else; the government objected, stating that the subject could have gone to trial if he wanted. And the court said that it was not going to hear from one side (the defense) and not the evidence on the other side. (Page 8 of the sentencing transcript attached to subject's "MOTION TO VACATE SENTENCE PURSUANT TO D.C. CODE SECTION 23-220(c)(2) IN CONJUNCTION WITH SUPER.CT. CRIM. R 32(c)(1)).

When the subject's probation was revoked, the subject submitted a "DEFENDANT'S REPLY TO THE UNITES STATES' OPPOSITION TO DEFENDANT'S MOTION TO VACATE SENTNCE", dated 10/13/2004. Attached to that document (Attachment 1) was the sentencing transcript dated July 24, 2001. On page 24, the Judge makes the following statement in discussing a forensic order that had been prepared.

THE COURT: I have it right here and I've read it again in the anticipation of this hearing along with the Presentence report as I read the record of the findings of fact where this gentleman I found while his estranged partner had a pending case against him in the domestic violence unit went with a broken bottle and cut her ear to leave it dangling almost completely severing her ear from her head, and thereupon plead guilty to a threats charge that no one could have disputed because he threatened to F her up in the presence of the place officer while he was in custody, and it's a very ugly case...

Attachment 2 to the document is the transcript of July 31, 2001. On page 2, the Judge makes the following statement regarding a submission by defense counsel.

THE COURT: And I heard your wrap up remark earlier and I've read your even more considered remarks and the case was continued because Mr. Longus was not really ready to speak his peace after the contested probation revocation hearing so I continued sentencing to today. This gentleman was sentenced originally to 80 months to 20 years, he was placed on a supervisory probation under a split sentence after service three and after being given an opportunity to continue on with probation this first offender who had committed a most heinous offense including ripping a woman's ear off with a broken bottle....

Notwithstanding the subject's statement that it was someone else, and not he, that cut the victim's ear with a broken bottle, I believe that the preponderance of the evidence support a finding that the subject committed a high level violence offense and that the Base Point Score should assess 1 point in Category III for high level violence under 28 CFR 2.80 (g)(2)(ix) (malicious disfigurement). I believe the Base Point Score is as follows:

Category I:    2 (SFS of 5)
Category II:   2 (Violence in the current offense and none of the prior offenses)
Category III:  1 (High Level Violence)

Base Point Score: 5

Total Guideline Range:

Base Point Score Guideline Range:    18-24 months
Months to parole eligibility:        58-58 months
Disciplinary Guidelines:              0- 0 months
SPA:                                  0- 0 months

Total Guideline Range:    76-82 months

The subject has been in custody 60 months as of 07/21/2005. I recommend a release at the top of the guidelines, after service of 82 months, May 21, 2007, with the special drug aftercare condition. I note the subject committed the instant offense after a stay away order of protection had been issued in this case. Regarding superior program achievement, the basis for the subject's probation violation was the fact that he failed to complete drug treatment and continued to use drugs. He was expelled from the Residential Drug Treatment Program in the Bureau of Prisons because of his poor attitude. I do not think his completion of other programs warrants a reduction in the guidelines for Superior Program Achievement, based on his expulsion from the residential program.

**Haworth, July 13, 2005** – I find no reason to disagree with the recommendation of Examiner Pinner. However, I do believe we should tell subject something about how we arrived at these guidelines. I have added wording to the order that will take care of that issue.

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: LONGUS, Gregory
Register Number: 30333-007
DCDC No: 261-348

Institution: Rivers Correctional Institution

Date: April 25, 2005

In the case of the above-named, the following action was ordered:

Defer decision for up to 90 days.

**REASONS:**

In order to clarify the conflicting information contained in the two Presentence Reports prepared in your offense of conviction in Docket #F1.862-99C.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc: CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001