SUPERIOR COURT
OF THE
DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on April 28, 1999

THE UNITED STATES OF AMERICA

v.

GREGORY M. LONGUS
PDID: 354-542

Criminal Case No.: F-1862-99

Violation: 22 D.C. Code 1801,(a),3202;
2307; 502; 3204(a)/3204 (b);
504.1,3202; 506, 3202

(First Degree Burglary While Armed;
Threatening To Injure A Person; Assault With
A Dangerous Weapon; Carrying A Pistol
Without A License; Possession Of A Firearm
During Crime Of Violence Or Dangerous
Offense; Aggravated Assault While Armed;
Malicious Disfigurement While Armed)

The Grand Jury charges:

FIRST COUNT:

On or about October 20, 1998, within the District of Columbia, Gregory M. Longus, while armed with a dangerous weapon, that is, a pistol or imitation thereof, entered the apartment of Adrienne Young, while Adrienne Young and Robert Young were inside that apartment with intent to commit an assault. (First Degree Burglary While Armed, in violation of 22 D.C. Code, Sections 1801(a), 3202)

SECOND COUNT:

On or about October 20, 1998, within the District of Columbia, Gregory M. Longus threatened to injure the person of Adrienne Young. (Threatening To Injure A Person, in violation of 22 D.C. Code, Section 2307)

THIRD COUNT:

On or about October 20, 1998, within the District of Columbia, Gregory M. Longus assaulted Adrienne Young with a dangerous weapon, that is, pistol or imitation thereof. (Assault With A Dangerous Weapon, in violation of 22 D.C. Code, Section 502)

FOURTH COUNT:

On or about October 20, 1998, within the District of Columbia, Gregory M. Longus did carry, openly and concealed on or about his person, outside his home, place of business, or on other land possessed by him, a pistol without a license issued as provided by law. (Carrying A Pistol Without A License, in violation of 22 D.C. Code 3204(a))

FIFTH COUNT:

On or about October 20, 1998, within the District of Columbia, Gregory Longus did possess a firearm, that is, a pistol or imitation thereof, while committing the crimes of First Degree Burglary While Armed and Assault With A Dangerous Weapon, as set forth in the first and third counts of this indictment. (Possession Of A Firearm During A Crime Of Violence Or Dangerous Offense, in violation of 22 D.C. Code, Section 3204(b))

SIXTH COUNT:

On or about March 21, 1999, within the District of Columbia, Gregory M. Longus, while armed with a dangerous weapon, that is, a broken bottle, did by any means, knowingly and purposely cause serious bodily injury to Adrienne Young (Aggravated Assault While Armed, in violation of 22 D.C. Code, Sections 504.1, 3202)

SEVENTH COUNT:

On or about March 21, 1999, within the District of Columbia, Gregory M. Longus, while armed with a dangerous weapon, that is, a broken bottle, maliciously disfigured Adrienne Young. (Malicious Disfigurement While Armed, in violation of 22 D.C. Code, Sections 506, 3202)

A TRUE BILL

Foreperson

Wilma A. Lewis/CTK
Attorney for the United States in
and for the District of Columbia

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION - FELONY BRANCH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Court Case No. F-1862-99 |
| v. | : | Judge Milliken |
| Gregory Longus | : | Trial June 22, 1999 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW
AND ORDER OF DETENTION PENDING TRIAL**

This matter came before the Court on March 25, 1999, upon the motion of the United States to hold the defendant without bond pending his trial within one hundred days pursuant to 23 D.C. Code § 1322(b)(1)(A) (FOR CRIME OF VIOLENCE OR DANGEROUS OFFENSE). Having considered the factors enumerated in 23 D.C. Code § 1322(e), the Government's proffer of the defendant's prior record and indicia of dangerousness, the report and recommendation of the Pretrial Services Agency, the testimony of Officer James Sulla, and the arguments of counsel for the defendant and Government, in accord with 23 D.C. Code § 1322(g)(1), the Court makes the following findings of fact and conclusions of law:

1.   There is probable cause to believe that the defendant committed the offense for which he is before the Court, that is, assault with a dangerous weapon (bottle), a crime of violence, as defined in 23 D.C. Code § 1331   The evidence presented at the defendant's

detention hearing established that on March 21, 1999, at approximately 1:15 a.m., in the 2400 block of Fourth Street, N.E., the following events occurred:

Adrianne Young, the defendant's estranged girlfriend was walking up the street when the defendant approached her from behind. The defendant took a broken bottle and cut Young on the right side of her head, almost cutting her ear off. Young was scheduled to testify against the defendant on March 24, 1999, in case M917-99. It that case, it is alleged that the defendant broke Young's apartment door on January 26, 1999, in an effort to harm her. It is also further alleged that the defendant broke Young's door during the fall of 1998. This case was dismissed when Young failed to appear for the defendant's trial.

2. In determining whether there are conditions of release that will reasonably assure the appearance of the person as required or the safety of any other person or the community, the court has considered the following factors:

1. **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE CHARGED, INCLUDING WHETHER THE OFFENSE IS A CRIME OF VIOLENCE;**
2. **THE WEIGHT OF THE EVIDENCE AGAINST THE DEFENDANT;**
3. **THE HISTORY AND CHARACTERISTICS OF THE PERSON, INCLUDING:**
   a. The person's past conduct and criminal history; and
   b. Whether, at the time of the current offense or arrest, the person was on release pending trial; and
4. **THE NATURE AND SERIOUSNESS OF THE DANGER TO ANY PERSON OR THE COMMUNITY THAT WOULD BE POSED BY THE PERSON'S RELEASE.**

WHEREFORE, having considered the provisions of 23 D.C. Code § 1322, and the factors set forth in 23 D.C. Code § 1322(e), this court finds, by clear and convincing evidence, that there is no

condition or combination of conditions, as set forth in 23 D.C. Code §1321(c), which will reasonably assure the appearance of the person as required or the safety of any other person or the community.

Accordingly, it is this ____ day of April 1999,

ORDERED, that the defendant be held without bond, pending trial or other final disposition of this matter, for a period not to exceed 100 calendar days from March 25, 1999;

AND FURTHER ORDERED that the defendant be committed to the custody of the Attorney General of the United States for confinement in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held pending appeal; that the defendant be afforded a reasonable opportunity for private consultation with counsel; and that, on order of a judicial officer or request of an attorney for the government, the defendant be delivered to the United States Marshal or other appropriate person for appearance in a court proceeding.

_____
DATE  4-5-99

_____
Judge Milliken

cc: Mark J. Carroll
Assistant United States Attorney
Section of Office, Rm. 9919
Judiciary Center Building

555 4th Street, NW
Washington, D.C. 20001

Stephen Jackson, Esquire
419 7th Street, N.W., Suite 401
Washington, D.C., 20004

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Criminal Division – Felony Branch

UNITED STATES OF AMERICA       :
                               :
        v.                     :   Criminal No. F-1862-99
                               :
GREGORY LONGUS                 :

**O R D E R**

Defendant, through counsel, moves for modification of conditions of release. On April 5, 1999, the Court found that Mr. Gregory Longus committed a crime of violence, that is assault with a dangerous weapon (bottle). The granting of defendant's MJOA in M-917-99 does not overcome the presumption arising from the Court's finding by clear and convincing evidence that the defendant committed a crime of violence in the District of Columbia. The operative facts in the instant case, in and of themselves, unquestionably call for continued detention under Title 23 of the D.C. Code.

Moreover, the defendant's prior record of violence, failure, by the defendant's own account, to obey the Court's stay away order, as well as the strong weight of the evidence against the defendant in the instant crime of violence clearly and convincingly prove that no condition or combination of conditions would reasonably assure the safety of the community or return of the defendant to court if released.

Accordingly, defendant's motion for modification of conditions of release from bondless detention is this _____ day of May, 1999, **DENIED**.

Stephen G. Milliken
Judge

Copies to:

Stephen A. Jackson, Esq.
419 7th Street, N.W.
Suite 401
Washington, D.C. 20001

Mark Carroll, Esq.
Office of the United States Attorney
Felony Division
555 4th Street, N.W.
Washington, D.C. 20001

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION - FELONY BRANCH

| | |
|---|---|
| UNITED STATES : | |
| : | Criminal No. F-1862-99 |
| v. : | Judge John Mott |
| : | |
| GREGORY LONGUS, JR., : | |
| : | |
| Defendant. : | |

RECEIVED
SEP 3 0 2004
CHAMBERS OF
JUDGE JOHN McADAM MOTT

## UNITED STATES' OPPOSITION TO DEFENDANT'S
## MOTION TO VACATE SENTENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant's Motion to Vacate Sentence. In his motion, defendant argues that the Court considered incorrect information at the time of his sentencing in 1999, and that his sentence was imposed in violation of the procedures set forth in Rule 32(c)(1). Defendant's motion should be summarily denied, because: 1) the Court recognized and properly left unresolved a disputed factual issue at defendant's original sentencing; 2) even if the Court imposed the original sentence in an improper manner, that fact would not give the Court jurisdiction to re-sentence defendant; and 3) any possible error in defendant's original sentencing proceeding is now moot, because defendant was resentenced after the revocation of his probation in 2001. In support of this opposition, the United States submits the following.

### PROCEDURAL HISTORY

On May 26, 1999, defendant was indicted for the offenses of first degree burglary while armed, threatening to injure a person (felony), assault with a dangerous weapon, carrying a pistol

1

without a license, possession of a firearm during a crime of violence, aggravated assault while armed and malicious disfigurement. On June 23, 1999, defendant pled guilty to the charge of threatening to injure a person (felony), in exchange for the government's promise to dismiss the remaining counts of the indictment. On September 10, 1999, defendant was sentenced to a term of incarceration of 80 months to 20 years, execution of sentence suspended as to all but 1 year, followed by 5 years of supervised probation. See Defendant's Attachment 1. Defendant served one year, and, with credit for time served, was released from custody to his probationary term on March 22, 2000. See Exhibit A at 5. On July 31, 2001, defendant's probation was revoked, and he was resentenced to a term of incarceration of 5 to 15 years. Id. at 2.[1]

### ARGUMENT

In his motion, defendant asks that his sentence be vacated because the original Pre-Sentence Investigation Report ("PSI") prepared in his case recited the "Official Version" of the offense which included the allegation that defendant broke a beer bottle and used it to severely cut the victim's ear. Defendant's motion should be summarily denied, because: 1) the Court at the original sentencing in 1999 clearly recognized that the parties disputed the facts relating to the alleged armed assault; 2) the Court, in its discretion, declined to take evidence to resolve that dispute; 3) defendant, through counsel, agreed that the Court need not conduct an evidentiary hearing on the disputed factual issues relating to the dismissed assault counts; 4) even if the Court improperly considered the alleged assault, or improperly conducted the sentencing hearing, those facts would not give the Court

---

[1] Defendant did not appeal his conviction or the revocation of probation in this case.

2

jurisdiction to vacate defendant's sentence; and 5) matters relating to the conduct of defendant's original sentencing are now moot, because defendant was resentenced after the revocation of his probation in 2001.

1. **The Court Recognized that the Parties Disputed the Alleged Armed Assault**

At the time of defendant's original sentencing proceeding, on September 10, 1999, the record is absolutely clear, and the Court recognized, that the parties disputed the facts of any alleged armed assault on the victim. As indicated above, the presentence report recites the "official version" that defendant severely cut the victim's ear with a broken beer bottle. See Defendant's Attachment 3 (1999 PSI) at 2. In the very next paragraph, however, the presentence report recites the "defendant's version" in which defendant vehemently denies that he assaulted the victim. Id. Even before the Court heard argument from the parties, it indicated that it recognized that there existed a factual dispute between the parties as to whether defendant committed the assault:

<blockquote>
The Court:   And there's a complete denial by Mr. Longus of having sliced her ear in half. . . .
</blockquote>

Defendant's Attachment 2 (1999 Sentencing Transcript) at 3. Government counsel indicated that the government "still believe[d] that he did it." Id. at 4. Defense counsel, on the other hand, indicated clearly that his client did not cut the victim's ear:

<blockquote>
. . . [defendant] has a witness who was going to testify at trial that would give different testimony about who actually hurt or damaged the complaining witness's ear, and that it was not my client. . . . Your Honor, his position is that he never did assault that woman or cut her ear, and he stands fast by the belief, and we've got a witness here to testify today that on that day in question that she was assaulted that he saw her, in fact, be assaulted with [sic] someone else.
</blockquote>

Id. at 7-8. Furthermore, the Court recognized the fact that it could indeed take testimony to resolve this disputed factual issue. Id. at 8, 14. Thus, the record demonstrates that the understood that the

3

parties disputed the allegation that defendant severely cut the victim's ear with a broken beer bottle. Defendant's allegations that the Court was confused about this issue are directly contradicted by the record.

2. **The Court Properly Declined to Take Testimony to Resolve the Factual Dispute**

Super. Ct. Crim Rule 32(c)(1) provides that:

> . . . The Court shall afford the defendant or the defendant's counsel an opportunity to comment and, <u>at the discretion of the court</u>, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence investigation report. (emphasis added).

Thus, pursuant to the rule, the Court had discretion whether to take testimony regarding the perpetrator of the armed assault. After recognizing that the parties disputed the alleged armed assault, the Court indicated that it had discretion to take testimony to determine "whether or not the testimony might be a 'healthy use of time', the Court indicated that it would not take testimony from one side without also hearing evidence from the other side. <u>Id</u>.

After hearing the other arguments from the parties, the Court indicated that it was not inclined to take such testimony. <u>Id</u>. at 14. Thus, the Court properly exercised its discretion, and defendant has not argued that the Court's decision somehow constituted an abuse of discretion. Defendant's argument that the Court assumed that defendant had indeed committed the assault, or otherwise improperly relied on those allegations, are not substantiated by the record.

3. **Defendant Concurred in the Court's Decision Not to Hold an Evidentiary Hearing**

At the conclusion of arguments from both counsel, the Court noted:

> THE COURT:   . . . And I'm assuming that while this case does not require any delaying or taking any other information from [the

4

victim], it doesn't require my hearing testimony, and you, sir, make the judgment that I should not have a contested trial on the counts to be dismissed —

Mr. Jackson [defense counsel]:   Yes.

THE COURT:   — because I'm not going to hear one side I can tell you that.

Mr. Jackson:   Yes, Your Honor.

Id. at 14. Thus, defendant waived his opportunity to present evidence regarding the factual dispute, and agreed with the Court that the proceedings should not be delayed in order to conduct a contested evidentiary hearing. Accordingly, defendant's argument that the Court improperly resolved the factual dispute should be summarily rejected.

**4. Even If Defendant's Sentence Had Been Improperly Imposed, the Court Does Not Now Have Jurisdiction to Vacate Defendant's Sentence and Re-Sentence Him**

Even if the Court improperly considered the alleged assault in imposing sentence, or improperly conducted the sentencing hearing, those facts do not give the Court jurisdiction to vacate defendant's sentence at this time. Rule 35 provides that:

(a) **Correction of sentence.** The Court . . . may correct a sentence imposed in an illegal manner within the time provided herein for reduction of sentence.
(b) **Reduction of sentence.** A motion to reduce a sentence may be made not later that 120 days after the sentence is imposed or probation is revoked . . .

The time period of the Rule are jurisdiction and may not be enlarged by the Court. See, e.g. McDaniels v. United States, 385 A.2d 180, 181-82 (D.C. 1978); United States v. Nunzio, 430 A.2d 1372, 1374 (D.C. 1981). Furthermore, the Court of Appeals has explicitly held that challenges to the manner in which a sentence is imposed are likewise subject to the 120 day jurisdictional limitation, noting

5

... where a court of competent jurisdiction imposes a sentence within the limits authorized by the relevant statute, but commits a procedural error in doing so, it is not an abuse of discretion nor unreasonable . . . to characterize this sentence as one imposed in an "illegal manner" under Rule 35(a) and therefore subject to the 120-day jurisdiction limitation for challenge.

. . . .

We simply hold that where a sentence is illegally imposed . . . , the remedy must be sought within the time stated in Rule 35(a). Otherwise the remedy is time barred and the Court is without jurisdiction to act.

Robinson v. United States, 454 A.2d 810, 813 (D.C. 1982). Thus defendant's motion for correction of sentence is time barred pursuant to Rule 35.

Similarly, defendant is barred from challenging a sentence that was improperly imposed under D.C. Code § 23-110. In Hill v. United States, 368 U.S. 424 (1962), the Supreme Court held that the failure of a district judge to give defendant the opportunity to make a statement in his own behalf and to present any information in mitigation of punishment, as required by the Federal Rules, was not a cognizable claim under 28 U.S.C. § 2255 and therefore could not be raised in a motion to vacate sentence. See also Butler v. United States, 388 A.2d 883, 886 (D.C. 1978) (allegation that sentence was imposed outside defendant's presence, and without affording defendant an opportunity to allocute, was not a cognizable claim under 23 D.C. Code § 110).

Accordingly, even if the Court had somehow imposed this sentence illegally, defendant could not now challenge that sentence.

**5. Defendant's Complaints About His 1999 Sentencing Proceeding Are Moot, Because Defendant Was Re-Sentenced After Revocation of Probation in 2001**

Defendant's arguments regarding procedural faults relating to the conduct of his original sentencing in 1999 are now moot, because defendant was resentenced after the revocation of his

6

probation in 2001. In his motion, defendant argues that his 1999 sentence should be vacated because of various alleged improprieties in that sentencing proceeding. Defendant fails to mention that he was subsequently resentenced, and, in fact, received a lesser sentence, after his probation was revoked in 2001. Defendant does not indicate that any infirmity, whatsoever, existed at the 2001 sentencing. Accordingly, defendant has already received the precise remedy he requests in his motion, i.e. vacation of his 1999 sentence and resentencing. Accordingly, defendant's claims are moot, and his motion should be summarily dismissed.[2]

## CONCLUSION

For the reasons stated above, defendant's motion to vacate sentence is without merit, and his motion should be summarily denied. A proposed order is attached.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar Number 451-058
United States Attorney

ROBERT D. OKUN
D.C. Bar Number 457-078
Chief, Special Proceedings Section

DANIEL M. CISIN
D.C. Bar Number 338-111
Assistant United States Attorney

---

[2] The United States has not obtained a transcript of defendant's 2001 sentencing proceeding, but will do so if that transcript is deemed necessary by the Court for the resolution of defendant's instant motion.

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant opposition has been served by mail, this 29th day of September, 2004, upon:

Gregory Longus, Jr.
Reg. # 30333-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC   27986-0630

*[signature]*
DANIEL M. CISIN
Assistant United States Attorney
555 4th Street, N.W.
Special Proceedings Section
Washington, D.C. 20530
(202) 514-7289
facsimile (202) 514-8784

8

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION - FELONY BRANCH

UNITED STATES                :
                             :
v.                           :   Criminal No. F-1862-99
                             :   Judge John Mott
GREGORY LONGUS, JR.,         :
                             :
    Defendant.               :

FILED
2004 MAY 14 P 4:08

## ORDER

Upon consideration of the Defendant's Emergency Motion to Revise and Reissue Pre-sentence Investigation Report, and for the reasons stated in the United States' motion, it is hereby,

**ORDERED** the Defendant's Emergency Motion to Revise and Reissue Pre-sentence Investigation Report is **DENIED**,

**SO ORDERED**.

_____
John Mott
Superior Court Judge

DATE: 5/6/04

Copies to:

Gregory Longus, Jr.
Reg. # 30333-007
Rivers Correctional Institution
P.O. Box 630
Winton, NC  27986-0630

Daniel M. Cisin
Assistant United States Attorney
555 4th Street, N.W.
Special Proceedings Section
Washington, D.C.  20001